EDWARD EVANS *v.* ANTHONY LOPES

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 168784
NEW HAVEN

Memorandum filed November 20, 1979

*James O. Shea,* for the named plaintiff.

*Mihaly & Mihaly,* for the intervening plaintiff.

*Cotter, Cotter & Sohon,* for the defendant.

MULVEY, J. The plaintiff and the defendant were fellow employees of the intervening plaintiff, the Eastern Woodwork Company. The plaintiff was injured while working with the defendant, who was operating a forklift truck, said injuries allegedly resulting from the defendant's negligent operation of the forklift.

The defendant moves to dismiss the complaint and intervening complaint on the ground that the court lacks jurisdiction over the subject matter. He claims that the plaintiff's exclusive remedy is under the Workmen's Compensation Act.

The plaintiff claims that, by virtue of § 31-293a of the General Statutes, he is permitted to sue a fellow employee because his injuries arose out of the negligent operation of a motor vehicle by the defendant. Section 31-293a does in fact contain such an exception to its general prohibition of suits between fellow employees.

The defendant claims that a forklift truck is not a "motor vehicle" within the meaning of § 14-1 of the General Statutes, and that therefore the exception in General Statutes § 31-293a does not apply. Section 31-293a requires that the vehicle involved be a "motor vehicle" as defined in § 14-1 of the General Statutes.

Under General Statutes § 14-1 (26) "motor vehicle" means "any vehicle which is propelled or drawn by any power other than muscular, except . . . ."

The section goes on to specify thirteen motor powered machines which it excludes from the category of "motor vehicle." The term "forklift truck" is not among the named exclusions. The section closes with the catch-all phrase "and any other vehicle not suitable for operation on a highway."

Moreover, the department of motor vehicles since December 10, 1969 has had a definite agency policy setting forth the methods of registration of forklifts and outlining the extent of their use on the highways of this state. That agency policy is still in effect.

In the view of this court, such a policy clearly indicates that the department of motor vehicles has found that a forklift truck is "suitable for operation on a highway" within the meaning of General Statutes § 14-1 (26) and that it is a motor vehicle within the meaning of that section. That conclusion having been reached, it follows that the plaintiff's action comes within an exception expressed in General Statutes § 31-293a.

Accordingly, the defendant's motion to dismiss is denied.