[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Edward Eubanks, has appealed the decision of the defendant, State of Connecticut, Department of Motor Vehicles, suspending his license for refusing to take a breath test as requested by the arresting officer. General Statute 14-227b(c).
On October 23, 1991, the petitioner-appellant, Edward Eubanks, was taken into custody by an officer of the Torrington Police Department. He was subsequently charged with operating a motor vehicle while under the influence of alcohol or drugs or both in violation of Connecticut General Statutes Section 14-227a as amended by Public Act 89-314. On November 15, 1991, a hearing was held pursuant to Public Act 89-314 regarding suspension of Mr. Eubank's license for an alleged refusal to take a breath test.
By decision of November 16, 1991, the hearing officer ordered the petitioner-appellant's license suspended based upon the following findings:
 1. The police officer had probable cause to arrest the above-named operator for a violation specified in Section 1 of Public Act 89-314. CT Page 2212
2. The operator was placed under arrest.
3. The operator refused to submit to such test or analysis.
4. Said person was operating the vehicle.
 Subordinate Findings, if any: There is sufficient evidence to find that Mr. Eubanks was operating his car in Bob's Folly's parking lot.
At the hearing on November 15, 1991, the only evidence submitted was the arresting officer's A-44 form with attached narrative and the uniform misdemeanor summons form. Thus, the evidence submitted provide only that Mr. Eubanks was allegedly found sleeping behind the wheel of his automobile at Bob's Folly's parking lot.[1] No evidence was presented as to the nature or character of such parking lot. Thus, the petitioner-appellant moved for dismissal of the action and reinstatement of his operator's license as no evidence sufficient to make the first and fourth findings pursuant to Public Act 89-314 was presented.
With regard to the foregoing argument, the transcript discloses the following:
 MR. DONOHUE: Okay. I'm going to make my decision — and your argument is I don't have evidence that there is [space for] ten cars there. I don't feel that's one of the things that I look to. It's not one of my decisions. If you have evidence that it's not a public parking lot —
(Transcript pp. 4-5.) (Emphasis added) The record further discloses:
 MR. DONOHUE: And I think your argument is that to find operation than [sic] I have to find that it was a public lot with ten or more parking spaces.
MR CONTI: No the statutes require it.
MR. DONOHUE: If you have evidence that it wasn't.
MR. CONTI: I don't think that's my burden.
The operator's license suspension hearing procedure is controlled by Regulations of Connecticut State Agencies Section 14-227b-1 through14-227b-29. Mr. Eubank's license was suspended for allegedly refusing CT Page 2213 to submit to a chemical test. Section 14-227b-3 of the Regulations provides:
 A police officer may request that a person operating a motor vehicle and having been arrested for an enumerated offense submit to a chemical analysis. . .
 Ibid. (Emphasis added) Section 14-227b-1(d) defines "Enumerated Offense", in pertinent part, as a violation of Connecticut General Statutes Section 14-227a(a) or 14-227a(b). Section 14-227b-12, et seq. of the Regulations for an "enumerated offense" may have a hearing. At such hearing, the hearings officer must make the four (4) findings hereinbefore set forth. Connecticut General Statutes Section 14-227b(f).
Connecticut General Statutes Section 14-227a(a) provides, in pertinent part:
 A person commits the offense of operating a motor vehicle while under the influence. . .if he operates a motor vehicle on a public highway of this state. . .or in any parking area for ten or more cars. . .
Ibid. (Emphasis added) Moreover, the Connecticut courts have held that the lot must also be "open to the public". State v. Boucher, 207 Conn. 612,616 (1988); State v. Pierre, 17 Conn. App. 100, 101-102 (1988). In this case no evidence was presented which would support the conclusion that the lot was capable of providing for ten or more cars.
General Statute 14-227b(a) limits suspension to an individual who has "been placed under arrest for manslaughter in the second degree with a motor vehicle or assault in the second degree with a motor vehicle or for operating a motor vehicle while under the influence of intoxicating liquor. . .". At a suspension hearing, the hearing officer must determine among other things that there was probable cause for the arrest. General Statute 14-227b(f). Since there was no evidence of a vital element of the underlying charge of operating in a lot of ten or more cars, there was no basis to find probable cause and therefore the appeal must be sustained.
Finally, the hearing officer erred in shifting the burden to the petitioner to prove that the lot was not capable of serving ten or more cars.
It is axiomatic that administrative procedure requires that a person CT Page 2214 being subjected to a possible loss of a substantial interest is entitled to a meaningful hearing. Altholtz v. Connecticut Dental Commission,4 Conn. App. 307 (1985); see also Fermont Division, Dynamics Corp. v. Smith,178 Conn. 393 (1979). Likewise, Article First, Section 10 of the Constitution of the State of Connecticut guarantees the right to due process in the administrative hearing setting. See Petrowski v. Norwich Free Academy, 2 Conn. App. 551 (1984) on appeal, 199 Conn. 231 (1986); State v. Anonymous, 36 Conn. Sup. 103 (1980). Such due process is also guaranteed by the Fifth Amendment to the United States Constitution. Fundamental fairness is implicit within the due process requirement. Manor Development Corp. v. Conservation Commission, 180 Conn. 692 (1980).
At a per se license suspension hearing, the burden is on the state to present sufficient evidence to permit a finding as to each of the four required issues. Regulations of Connecticut State Agencies Section 14-227b-20(a); See also Field v. Goldberg, 7 C.S.C.R. 140
(Maloney, J. 1992). Thus, it follows that where the state's evidence consists solely of the investigating officer's written report, that report must contain sufficient information to support a finding as to each such issue. Where it fails so to do, the hearings officer must find in the negative as to each such issue thus not supported. Field v. Goldberg, supra at 142. The hearings officer is not permitted to make assumptions to "fill in gaps." See e.g. Ibid.
It also follows from the foregoing that the hearings officer may not make such an assumption and then require the petitioner to offer evidence to refute such unsupported assumption. Such evidence is lacking on the record, the hearings officer may not shift the burden to the petitioner to disprove the unsupported issue. Fifth
and Fourteenth Amendments, United States Constitution; Article First, Section 10, Connecticut Constitution; Field, supra at 142.
For the reasons set forth, the appeal is sustained.
PICKETT, J.