## MARIA S. K. TUCKER vs. HENRY J. POTTER.

The revenue stamp upon a writ, under the late act of Congress requiring writs to be stamped, was no essential part of the process.

It was not necessary, therefore, that a copy of such a writ left in service should contain a copy or memorandum of the stamp.

Congress had no power to make the stamp an essential part of the process, even if it had so intended.

But such was not its intention.

Whether Congress has the constitutional power to tax the judicial process of a State: *Quære.*

ASSUMPSIT, brought to the Superior Court in New Haven County. The writ had an United States revenue stamp attached to it, under the act of Congress then in force, which required all original process in the state courts to be so stamped and made the stamp necessary to its validity. The

copy of the writ left with the defendant in service contained no copy or memorandum of the stamp on the writ, and the defendant pleaded this fact in abatement. The plaintiff demurred to this plea, and the question arising on the demurrer was reserved for the advice of this court.

*Shelton*, in support of the demurrer.

1. A stamp is no part of a writ. There is no allegation in the writ concerning it, and none is required, and therefore the officer serving the writ need not copy it. *Hitchcock* v. *Sawyer*, 39 Verm., 412; *Watson* v. *Morton*, 26 How. Prac. R. 383.

2. Congress has no power to impose a tax on the judicial process of a state. *Lewis* v. *Webb*, 3 Greenl., 326; *Chesnut* v. *Shane's Lessee*, 16 Ohio, 599; *The Governor* v. *Porter*, 5 Humph., 165; *State* v. *Fleming*, 7 id., 152; *Miller* v. *The State*, 8 Gill, 145; *Dorr's case*, 3 R. Isl., 299; *Taylor* v. *Place*, 4 id., 324; *The People* v. *Supervisors of New York*, 16 N. York, 424; *Young* v. *State Bank*, 4 Ind., 301; *Blythe* v. *The State*, id., 525; *Warren* v. *Paul*, 22 id., 276; *Ex parte Knowles*, 5 Cal., 300; *The People* v. *Town of Nevada*, 6 id., 143; *The People* v. *Bissell*, 19 Ill., 229; *The People* v. *Dubois*, 23 id., 547; *Garrard* v. *Nuttall*, 2 Metc. (Ky.,) 106; *Commonwealth* v. *Anthes*, 5 Gray, 185; *Commonwealth of Kentucky* v. *Dennison*, 24 Howard, 66.

*L. H. Bristol*, contra.

1. The stamp is a material part of the writ. 1st. Without a stamp the writ is "*invalid and of no effect.*" Acts 38th Cong., 1st Sess., No. 148, Secs. 158, 170. 2d. That must be a *material part* of a thing, without which the thing itself has no existence; and in the present case the stamp is essential to the legal existence of the writ. Until the stamp is affixed it is not a "mandatory precept," but only so much waste paper; it will not justify an officer in acts done under it, nor can it serve as the foundation of a valid judgment. 3d. Certain requisites are necessary to constitute a writ. These requisites were originally prescribed by the statutes of the state. Since their enactment the United States law has,

in effect, provided that no writ shall be valid in law, that is, *a legal writ*, until a stamp shall have been thereto affixed, thus making the stamp an essential prerequisite of a writ. Assuming that Congress has power to pass the act, it must follow that this new requisite of a writ is a *material part* of it. *Watson* v. *Morton*, 26 Howard Prac. R., 383. This case decides that the stamp upon a writ is an "essential part" of it, and that a copy of such writ left in service must show in some way that a stamp is affixed to the original.

2. The act of Congress requiring the stamp is constitutional. U. S. Constitution, Art. I. sec. 8 ; Id. Art. VI. clause 2d ; *The German Liederkranz* v. *Schiemann*, 25 Howard Prac. R. 388 ; *Watson* v. *Morton*, 26 id. 383.

Butler, J.[*] In this case the question is again raised, whether or not the internal revenue act of Congress, so far forth as it taxed, and by way of penalty made inoperative, the judicial process of the states, was an authorized and constitutional exercise of their delegated powers.

It was not absolutely necessary to a correct disposition of either of the other cases which have been before us, in which the question was made, that we should decide it ; and, as such questions are always grave ones, and a determination of that would then, to some extent, affect the finances of an endangered and struggling national government, we hesitated, and did not consider it. But that government is no longer in danger and difficulty, and if the law was still in force, and it was probable that the question would again be made, we should feel it to be due to ourselves and the profession, to meet and decide it now, although it is not necessary to do so in order to dispose of this case. Congress however, deeming that part of the enactment unwise or unconstitutional, or both, have repealed it, and the question is not now, and will not be in the future, of practical interest or importance to any one, and we again pass it by.

The form and requisites of a valid writ or "original process" are specifically prescribed by our statutes. The man-

---

[*] This case having been submitted on briefs, Judge Butler took part in the decision, though not present at the term.

ner of service is also particularly prescribed. It was the intention of those who made them, that the defendant should be put in possession of a copy of every material part of that process. That was all they intended and the law imports no more, and if the defendant had *that* it was all *he* could require under our law. Assuming then that Congress had power to impose a duty on the judicial process of the states, and that they could constitutionally exercise the still more questionable power of declaring that, unless certain prescribed evidence of the payment of the duty was annexed to the writ, it should be inoperative and void, had they any power to make it *a part of the process?* This can hardly be claimed. Did they *intend* to make the.adhesive stamp which they required to be affixed in order to furnish that evidence, a part of the process ? No one can believe it. Did it then by reason of its *nature* become, necessarily, a part of it ? Certainly not. How then can it be said to be "an essential part of such process?" The answer on which the defendant relies is, "because its purchase and annexation are made essential to its validity." But is any thing and everything which is made a necessary *accompaniment* of a thing, made thereby, if annexed, and *however incongruous*, a *part of its substance?* Not at all. We must look at the elements of things, and not stick in the bark. The stamp is in the nature of a receipt— *a voucher*—made to denote that the duty has been paid and nothing more. The writ is ambulatory, intended to pass through the hands of one or more officers, and the clerk, to the court, as an instrument by virtue of which their several functions are authorized and performed. In requiring it to be stamped Congress had three objects in view. The first and primary one was, to collect a *tax* or *duty*. The second was to provide a *voucher* to be given upon the payment of it. And the third was to provide *a way* in which that voucher could be conveniently made to *accompany* (not compose a part of) every ambulatory instrument or document that should be taxed, as evidence that the tax was paid. To secure these objects they provided for the manufacture and sale of the adhesive stamp, and directed that it should be attached

to every such instrument or document. And as a penal sanction, to *enforce* the provision, they further declared that until it was complied with every such instrument or document should be inoperative and void.

The stamp, or voucher, then, is directed to be attached because deemed the most convenient mode of providing for its accompaniment, but as *evidence* of an *extrinsic fact*. It is therefore nothing but a voucher proving that fact, and no more an essential part of the process than it would have been if stamped on an envelope, (as those intended for letters sometimes are,) and the provision was that the officer should enclose the writ in such an envelope when he returned it to the court. In various other ways Congress might have provided for the accompaniment of the voucher, without requiring it to be attached; and the provision actually made was made because thought the most convenient and effectual, and for no other reason or purpose; and it is no part of the process.

We have been referred to an authority in the 26th of Howard's Practice Reports as in point, and have examined it. In that case the original process was duly stamped. It was served by copy under the code, and the copy contained no evidence that the original was stamped; and the court, on motion, dismissed the case. All that the court say in deciding the case, that is material here, is, " It will thus be seen that the revenue stamp is essential to the validity of the summons, and that service can only be made by delivering a copy, where personal service is had. If the original had a revenue stamp attached, can that be a copy which omits an essential part of such process ? " The question thus put is not answered, and it is equivalent to and intended as an allegation respecting a fact assumed.

We cannot be influenced by such a decision. It is based on an assumption which we think unwarranted, and is unsupported by any reasoning, and apparently made without an examination of the question.

Inasmuch therefore as our statute prescribes the form and requisites which shall *constitute the writ* or process; and directs the officer to serve *that* by leaving a copy of it with the

defendant, and directs and requires no more ; and it was not within the power, and was not the purpose and intention of Congress, or an effect of the revenue act, to make the stamp a part of the process, or to add to or change its character, or to affect in any manner the prescribed service of it, the defendant had no right to a copy of the stamp ; there was no equity even which required that he should know whether the writ was stamped or not, for he could not safely omit to appear in any event ; and the officer did his whole prescribed duty when he left a copy of the writ without taking any notice of the stamp.

The Superior Court must therefore be advised that the plea is insufficient.

In this opinion the other judges concurred.