JOHN C. MATTHAI AND OTHERS *vs.* CHARLES A. CAPEN, TRUSTEE.

First Judicial District, Hartford, January Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The defendant in replevin was served with a copy of the writ which failed to contain the name of the affiant at the foot of the affidavit, though his name did appear in the body of the affidavit; the original affidavit was duly subscribed and complete, and the copy in all other respects conformed thereto. *Held* that the variance was not a material one, and that a plea in abatement for that cause would not lie.

[Argued January 4th—decided February 8th, 1895.]

ACTION of replevin, brought to the Superior Court in Windham County and tried to the court upon plaintiffs' demurrer to defendant's plea in abatement; the court, *Ralph Wheeler, J.*, overruled the demurrer and sustained the plea, and the plaintiffs failing to answer over, judgment was rendered for the defendant, the action abated, and the plaintiffs appealed for alleged errors of the court in overruling the demurrer. *Error.*

The case is sufficiently stated in the opinion.

*Howard H. Knapp*, for the appellants (plaintiffs).

I. The variance between the copy and the original was not a material one, and the plea in abatement should therefore have been overruled. Sw. Dig., s. p., 611; *Gallup* v. *Manning*, 48 Conn., 30 ; *Tucker* v. *Potter*, 35 id., 46 ; *Sheldon* v. *Robbins*, 2 Root, 190 ; *Select* v. *Olmstead*, 1 id., 497 ; *Stamford Bank* v. *Ferris*, 17 Conn., 269 ; *Brown* v. *Poland*, 54 id., 313 ; *Dorus* v. *Somers*, 57 id., 192; *Singer Mfg. Co.* v. *Rhodes*, 54 id., 48.

II. The error or mistake, if any, was cured by § 1000 of General Statutes. This is a statement in statutory form of the substance of the principle already cited from Swift's Digest, and from the cases referred to; namely, that where from the papers, the person and the cause may be rightly understood, any circumstantial errors, defects, or mistakes, shall not suffice to abate the writ. *Andrews* v. *Thayer*, 40 Conn., 158; *Wilcox* v. *Chambers*, 34 id., 179 ; *New England Mfg. Co.* v. *Starin*, 60 id., 369; *Union Furnace Co.* v. *Shepherd*, 2 Hill (N. Y.), 413 ; *Livingston* v. *Cheetham*, 2 Johns., 479 ; *Chase* v. *Edwards*, 2 Wend., 283.

The requirement of the attaching of an affidavit to a writ of replevin arose out of the fact that originally a writ was issued out of the Court of Chancery in England, and could be sued out only at Westminster ; but to be relieved from the inconvenience of procuring a declaration from such a distance, the Statute of Marlbridge, 52 Henry II., Chapter 21, directed that the sheriff immediately upon plaint to him made, should proceed to replevy the goods. The affidavit of the modern suit is the same thing as the plaint mentioned in the Statute of Marlbridge. 20 Amer. & Eng. Ency. of Law, p. 1076 –1081; *Anderson* v. *Hapler*, 34 Ill., 438.

To constitute an *affidavit*, it is not essential that the name of the affiant should appear at the foot of it. *Hitsman* v. *Garrard*, 16 N. J. L., 124 ; *Alvord* v. *McCormack*, 90 N. Car., 152.

In the case of *Bloomingdale* v. *Chittenden*, 75 Mich., 305,

a replevin suit was brought upon an affidavit which read as follows: " Alvira Bloomingdale, being duly sworn, does depose and say." * * * And the justice attached his jurat in which he certifies that the affidavit was "subscribed and sworn to before me, the 30th day of April, 1886," which certificate he subscribed in his official character. The court held that the affidavit was not fatally defective because it was not subscribed by the plaintiff, and that " the affidavit with the jurat attached show it was made by Alvira Bloomingdale, and is a sufficient compliance with the statute." See also *Sheldon* v. *Berry*, 19 Tex., 154; *Gill* v. *Ward*, 23 Ark., 16; *Redus* v. *Wofford*, 4 Sm. & M. (Miss.), 591; *Bates* v. *Robinson*, 8 Iowa, 318; *Hoover* v. *Rhodes*, 6 id., 505 (a replevin case); *Haff* v. *Spicer*, 3 Caine (N. Y.), 190; *Milleus* v. *Shaffer*, 3 Denio, 60; *Norton* v. *Hauge*, 47 Minn., 405.

*Elliot B. Sumner*, for the appellee (defendant).

The statute recognizes only an affidavit that is subscribed; and the leaving of any other with the defendant is as fatal as if the copy contained no affidavit at all.

The requirements of the statute must be strictly complied with before the plaintiff can avail himself of its aid. *Spencer* v. *Bidwell*, 49 Conn., 62.

A fair test (although perhaps not in all cases a final one) of what constitutes a material variance between the writ and copy left in service, is whether the copy, taken by itself, would be a good process. If it would constitute a good process in court, in most cases the variance would be regarded as immaterial; but if a void or voidable process, then the variance would be considered material. *Nichols* v. *Standish*, 48 Conn., 321; *Spencer* v. *Bidwell, supra*. It is not true that the copy left in service gives the defendant all the information to which he was entitled concerning the action. He was entitled to know, among other things, that the affidavit was subscribed " by the plaintiff or some other credible person," as is provided by the statute, but the copy showed that it was not so subscribed. It has been sug-

gested that the copy gave the defendant the requisite inform-
ation as to where the suit was returnable. It would be a
rare case in which a copy did not do that much. Certainly,
a defendant would have to find the court in order to file his
plea in abatement.

The precise point presented by the plea in abatement in
this case has never, so far as I am aware, been adjudicated
by this court, but it has once, at least, been decided in the
Superior Court. In an action of replevin (*Hanks* v. *Batten
& Taylor*) tried before Judge ANDREWS in the Superior
Court for Windham County, at the August Term, 1884, a
plea in abatement was filed for the reason that the name of
the principal in the recognizance, which appeared properly
in the original process, was omitted in the copy left in ser-
vice with one of the defendants. Upon full hearing the
judgment was that "said complaint and writ be dismissed,
and that the defendants recover of the plaintiff their costs,
and that the plaintiff return to the defendants the goods
and chattels replevied by virtue of said complaint and writ
of replevin." It seems impossible to distinguish the above
case from the one on trial.

FENN, J. The sole question in this case is whether the
Superior Court erred in sustaining the defendant's plea in
abatement for alleged defective service. The original writ
of replevin, with the affidavit and recognizance, complied in
all respects with the form given in § 1327 of the General
Statutes. The copy served on the defendant gave the name
of the affiant, Howard H. Knapp, in the body of the affida-
vit and the word "deponent" at the end; also the jurat of
the magistrate, "Subscribed and sworn to before me," but
omitted the name of the affiant at the foot of the affidavit
just before the word "deponent."

The rules of law which ordinarily apply to a variance
between the writ and copy left in service, independently of
any aid from § 1000 of the General Statutes, would seem, if
equally applicable here, to justify the conclusion that the
variance stated was not a fatal one. 1 Swift's Dig. (side

page), 611; *Tucker* v. *Potter*, 35 Conn., 43 ; *Gallup* v. *Manning*, 48 id., 25, 30. But it is true, as claimed by the defendant in support of the judgment of the court below, that " the action of replevin is a special one in which the requirements of the statute must be strictly complied with, before the plaintiff can avail himself of its aid." *Spencer* v. *Bidwell*, 49 Conn., 62. It is also true that " the statute especially requires the attachment of a particularly defined affidavit to the writ, and the leaving of a copy of the same with the defendant, in addition to the general statute relative to process. This being so, it follows that the failure to subscribe the affidavit would be an irregularity in procuring the replevin process; which, while it would not render the proceeding void, might make it voidable at the election of the defendant." *Nichols* v. *Standish*, 48 Conn., 321, 323. So also, the omission to comply with the requirement that the copy left in service shall contain said affidavit, might be ground for abatement at the option of the defendant, notwithstanding that " the person and cause may be rightly understood and intended by the court."

But assuming the name, in the place where it appeared in the original, at the end of the affidavit, to have been essential to the validity of such original, we do not regard it as equally material in the copy. The requirements of the statute in reference to the former are not identical with those in regard to the latter. Nor are the grounds upon which the requirements rest, and their purpose, the same. The object of the provision for an affidavit of certain facts is patent. The required subscription adds deliberation, caution and solemnity to the deed. The reason for the requirement that the copy left in service shall contain the affidavit, is to apprise the defendant that oath to the essential fact upon which the action depends, namely : that the plaintiff is entitled to the immediate possession of the goods or chattels which it is desired to replevy, together with what is stated to be the true and just value of such property, has been made, and to give the name of the affiant. These are matters regarding which the legislature, in its wisdom, has

deemed it proper that the defendant should be informed. Hence the requirement. The omission at the end of the affidavit, of the name of the deponent appearing at the beginning of such affidavit, deprives the defendant of no part of this information. Indeed, he is also further informed by the magistrate's *jurat* that the affidavit was " subscribed " before him. On the other hand, all that can be claimed by the defendant, if his contention is correct, is that the copy served upon him indicates that this statement of the magistrate may be erroneous, and that a ground for a plea in abatement for a defect in the original process, in fact exists. Although an inspection of the original process shows no defect therein, yet the defendant asserts that because he has thus been misled, a cause for abatement exists for defective service of such process. There does not appear to us to be sufficient merit in this claim to warrant its adoption, and the establishment thereby of a rule which would subject plaintiffs who had themselves complied with all statutory requirements, to serious loss, for clerical inaccuracies of officers of the law, resulting in no possible injury to the opposite party.

There is error in the judgment complained of.

In this opinion the other judges concurred.