### STATE OF CONNECTICUT *v.* HOWARD ST. PIERRE
### (6643)

O'CONNELL, STOUGHTON and NORCOTT, Js.

Argued October 18—decision released November 15, 1988

*Eileen McCarthy Geel,* certified legal intern, with whom was *Harry Weller,* deputy assistant state's attorney, for the appellant (state).

*Vincent J. Giedraitis,* public defender, for the appellee (defendant).

STOUGHTON, J. The trial court granted the defendant's motion to dismiss a charge of operating a motor

vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a (a).[1] The state, with the permission of the presiding judge, has appealed. We find error.

The parties agree that on July 9, 1987, the defendant was arrested in a parking lot at a 7-Eleven store in Vernon and charged with operating a motor vehicle while under the influence of intoxicating liquor. The defendant moved to dismiss the charge on the ground that "[s]ection 14-227a prohibits the operation of motor vehicles in parking lots for more than *ten* vehicles which are 'open to public use' . . . ." The defendant relied on this court's opinion in *State* v. *Boucher,* 11 Conn. App. 644, 528 A.2d 1165 (1987), in which we agreed with the trial court that a parking lot used exclusively by Midas Muffler employees and customers was not "open to public use" as that term is used in General Statutes § 14-212 (5).[2]

Our holding in *State* v. *Boucher,* supra, was reversed and the case was remanded with direction to reinstate

[1] General Statutes § 14-227a. "OPERATION WHILE UNDER THE INFLUENCE OF LIQUOR OR DRUG OR WHILE IMPAIRED BY LIQUOR. (a) OPERATION WHILE UNDER THE INFLUENCE. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight."

[2] General Statutes § 14-212 provides in pertinent part: "DEFINITIONS. Terms used in this chapter shall be construed as follows unless another construction is clearly apparent from the language or context in which the term is used or unless the construction is inconsistent with the manifest intention of the general assembly: . . . (5) 'Parking area' means lots, areas or other accommodations for the parking of motor vehicles off the street or highway and open to public use with or without charge . . . ."

the information. *State* v. *Boucher,* 207 Conn. 612, 619, 541 A.2d 865 (1988). The Supreme Court held that "[a] place is 'public' to which the public is invited either expressly or by implication to come for the purpose of trading or transacting business." Id., 616. It concluded that the legislature, in enacting §§ 14-227a and 14-212 (5), intended to extend the prohibition against operating a motor vehicle while under the influence of intoxicating liquor to any parking area for ten or more cars which "the public" is invited or permitted to use. Id., 619. This conclusion is dispositive of this appeal.

The defendant suggests that the parking area in front of the 7-Eleven store was for six vehicles and separate from the balance of the parking area, and therefore that the rationale of the Supreme Court in *State* v. *Boucher,* supra, is not applicable to this case. Aside from the fact that he did not present this as an alternate ground for sustaining the decision of the trial court, see Practice Book § 4013 (a) (1), the facts upon which this claim is based have not yet been presented to and determined by the trial court.

There is error, the judgment is set aside and the case is remanded with direction to reinstate the information charging the defendant with a violation of § 14-227a (a) and to proceed according to law.

In this opinion the other judges concurred.