[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Plaintiff bank foreclosed a condominium mortgage in each of the above cases and thereafter moved for a deficiency judgment in each.
Defendant filed identical motions to dismiss in each case claiming, inter alia, that the court lacked jurisdiction because the motion for deficiency judgment was not signed by an attorney. The other grounds claimed for dismissal are not persuasive and would not, in any event, require dismissal as they address defects which are merely circumstantial.
The motion for deficiency judgment was signed by plaintiff's corporate vice-president, Jimmy Wallace who is not an attorney of record.
A motion to dismiss is the proper method to contest the jurisdiction of the court. Such a motion is used to raise the lack of personal and subject matter jurisdiction, Conn. Practice Bk. 143 (rev'd to 1978, as updated to October 1, 1990). Lack of subject matter jurisdiction must be disposed of once raised. Baldwin Piano Organ v. Blake, 186 Conn. 295,297 (1982).
Defendant moves to dismiss on the ground that Practice Bk. 119 requires that all pleadings be signed by an attorney of record. Although 119 also allows for a pro se party to sign his own name, a corporation may not represent itself pro se. Triton Associates v. Six New Corp., 14 Conn. App. 172, 175
(1988). Bankmart is a corporation under the laws of Connecticut and there is no dispute that the signatory, Jimmy Walker, is not an attorney.
In its memorandum in opposition, Bankmart argues that defendants failed to raise this claim within 30 days of counsel's having entered an appearance, as required by Practice Bk. 142. The motion raises a question of subject matter jurisdiction. No citation of authority is needed for the proposition that subject matter jurisdiction can be raised at any time.
The cases cited by defendant in his brief show that pleadings must be signed by the attorney of record. The court in Housing Authority v. Collins, 38 Conn. Sup. 389, 390
(App. Sess. Sup. Ct. 1982) stated that "a complaint is a pleading . . . [that] must `be signed by at least one attorney. . .'" The court in Shokite v. Perez, 19 Conn. App. 203, 206-208
(1989) recognized that the record attorney's failure to sign CT Page 4367 constitutes a defect, albeit a curable one. Conn. Practice Bk. 119 contains no penalty for failure to sign, however, the case law has created the penalty of dismissal. Furthermore, the court in Fattibene v. Kealey, 18 Conn. App. 344, 358 (1989), recognized that courts have "inherent authority" to fashion sanctions.
Although the case law deals with complaints, a motion for deficiency judgment is analogous to a complaint in that the defendant stands to suffer an independent pecuniary loss by way of a judgment against him. The deficiency judgment motion involves the jurisdiction of the court to enter a judgment just as a complaint does. The quest on now becomes whether this is a substantial defect requiring dismissal or merely a circumstantial one.
"Process . . . may also be defective because of an error or omission in the writ itself. . ." 1 E. Stephenson, Connecticut 3 Civil Procedure 106, at 435 (1970). A defect may be curable or not; but even if curable the defect may "sustain a plea in abatement." Id. at 437.
Stephenson sets forth several distinct kinds of defects. First, there are minor defects that are ignored even when raised specifically in a motion to dismiss [formerly plea in abatement]. These include: misnaming the court, (e.g., "the City Court held at New Haven" instead of "The City Court of New Haven"); omitting the name of the affiant in a copy of an original affidavit served with the writ; excluding the name of the signing commissioner from the copy of the writ served on the defendant; and failure of the defendant to append his name to a signature that merely reads "defendant." Id. at 436. Second, there are those defects that, if not cured within the statutory period, would sustain a plea in abatement. These defects include: failure to file a prosecution bond; the failure to cite a necessary party, id. at 437, and defective service, Second Taxing District, City of Norwalk v. Dept. of Revenue Services, 1 CSCR 193 (March 12, 1986, Aronson, J.). Third, there are those defects that can never be cured, including the filing of a writ without a complaint and the failure to serve a proper officer of a corporation. 1 E. Stephenson, supra, at 437.
In Rogozinski v. American Food Service Equipment Corp.,211 Conn. 431, 434 (1989), the court defined defects as either circumstantial or substantive. The court described circumstantial defects by way of example as follows:
 Circumstantial defects not subject to abatement by reason of 52-123 or its CT Page 4368 predecessors have included the mistaken use of a Practice Book form; Chestnut Realty, Inc. v. Commission on Human Rights 
Opportunities, 201 Conn. 350, 357, 514 A.2d 749 (1986); failure to designate an apartment number in a writ; Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472, 477-79, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980); an erroneous reference in appeal papers to "next term" instead of "next return day"; New Haven Loan Co. v. Affinito, 122 Conn. 151, 154, 188 A. 75 (1936); a copy of the affidavit attached to the writ served upon the defendant that did not bear the signature of the affiand; Matthai v. Capen, Trustee, 65 Conn. 539, 33 A. 495 (1985); an erroneous reference in the return to "the City Court held at New Haven in and for the city of New Haven" instead of "The City Court of New Haven", New England Mfg. Co. v. Starin, 60 Conn. 369, 370, 22 A. 953
(1981); an erroneous prayer for relief on the writ and declaration rather than on the writ alone; Draper v. Moriarity, 45 Conn. 476
(1878); and a defendant who had signed his name in the body of a plea in abatement signed "defendant" at the end of the plea instead of again signing his name. Wilcox v. Chambers, 34 Conn. 179 (1867).
The record attorney's failure to sign the motion in the present case is substantive, particularly when juxtaposed against the circumstantial defects described in Rogozinski. For example, although the Rogozinski court said the failure of an affiant to sign an affidavit constitutes a circumstantial defect only, the affiant has presumably given a statement under oath and seal. Here, Bankmart seeks to invoke the court's jurisdiction by way of a pleading not signed by an attorney.
The motion for deficiency judgment is a creature of statute in derogation of the common law. Because the statute "creates liability where none formerly existed, the statute must be strictly construed and we are not at liberty to extend, modify or enlarge its scope through the mechanics of construction" Ecker v. Hartford, 205 Conn. 219, 233 (1987). The Bank Mart failed to file a properly signed motion within thirty days after the law day, as required by Conn. Gen. Stat. 49-14 (a), therefore, its right to do so now is cut off[1]. There is no CT Page 4369 pleading on which the court can render a deficiency judgment, accordingly, the motion to dismiss is granted in each case.
SPEAR, JUDGE