## FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER *v.* GAIL CONNELLY PELLECHIA ET AL. (11285)

O'CONNELL, LANDAU and HEIMAN, Js.

Argued March 24—decision released May 11, 1993

*Mary C. Duffy,* with whom was *Stuart D. Rosen,* for the appellant (plaintiff).

*David Eric Ross,* with whom was *Lucia J. Wolgast,* for the appellee (defendant).

HEIMAN, J. The plaintiff appeals from the denial of its motion for deficiency judgment following the granting of its motion for strict foreclosure and the expira-

tion of the law day.[1] On appeal, the plaintiff asserts that "the trial court improperly found that it had not timely moved for a deficiency judgment pursuant to General Statutes § 49-14 because its motion bore an incorrect docket number."[2] We reverse the judgment of the trial court.

The following facts are necessary for a proper resolution of this appeal. The plaintiff brought an action for strict foreclosure after the defendant defaulted on a mortgage and note.[3] On December 2, 1991, the trial court granted the plaintiff's motion for strict foreclosure and set a law day of December 23, 1991, for the owners of the equity of redemption and December 24, 1991, as to the date for title to vest in the plaintiff. The defendants failed to redeem on December 23, 1991, and on December 24, 1991, title vested absolutely in the plaintiff.

---

[1] For purposes of this opinion, the term defendant refers to Gail Connelly Pellechia.

[2] General Statutes § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

[3] The plaintiff's prayer for relief in its complaint sought the following: a foreclosure of the subject mortgage; immediate possession of the premises; a judgment of strict foreclosure; money damages; interest and costs; attorney's fees; the appointment of a receiver of rents; a deficiency judgment; and such other and further relief as to which equity may pertain. The plaintiff also noted that the amount in demand was in excess of $15,000 exclusive of interest and costs and it included a notice pursuant to General Statutes § 49-31e notifying the homeowner of the relief provisions provided for by General Statutes §§ 49-31d through 49-31i.

On January 23, 1992, the plaintiff submitted a motion for deficiency judgment that was date-stamped by the trial court clerk's office. Although the caption of the motion for deficiency judgment correctly set forth the names of the parties, the docket number was incorrect.[4] On January 28, 1992, the plaintiff's attorney received the January 23 motion in the mail with a notation that it was returned by the clerk's office because it bore an incorrect docket number. The plaintiff resubmitted the motion for deficiency judgment with the correct docket number in the caption on January 28, 1992. On February 7, 1992, the defendant filed her opposition to the motion for deficiency judgment asserting that regardless of whether the plaintiff filed the motion for deficiency judgment on January 23 or January 28, either date exceeded the time period set forth in General Statutes § 49-14 (a) requiring that a motion for deficiency judgment be filed within thirty days after the time limited for redemption has expired. In the alternative, the defendant asserted that the plaintiff's failure to include the proper docket number on its January 23 motion was a substantial defect and that the motion was thus not filed until January 28, exceeding the thirty day period provided for in § 49-14 (a).

On March 27, 1992, the trial court issued a memorandum of decision sustaining the defendant's objection to the motion for deficiency judgment. After "adopting a rule of strict compliance" with General Statutes § 49-14 and Practice Book § 118,[5] the trial

[4] The docket number of the case is CV-91-117252-S. The docket number of the January 23 motion for deficiency judgment was erroneously printed as CV-91-177252-S. The plaintiff attributes the incorrect docket number to a scrivener's error.

[5] Practice Book § 118 provides: "All papers shall be typed or printed on legal size paper, until January 1, 1979, when size 8 1/2" x 11" paper shall thenceforth be used, and shall have no back or cover sheet. *Those subse-*

court found that "an incorrect docket number on a pleading is a substantive defect which precludes filing." In reaching this conclusion, the trial court held that the January 28 "filing" date far exceeded the thirty day statutorily mandated period. The trial court failed to address the defendant's claim that even if the plaintiff had filed its motion on January 23, it was still filed beyond the thirty day period. This appeal ensued.

The plaintiff asserts that the trial court "improperly found that the plaintiff had not timely moved for a deficiency judgment pursuant to General Statutes § 49-14 because its January 23, 1992 motion for deficiency judgment bore an incorrect docket number."[6] The plain-

---

*quent to the complaint shall be headed with the title and number of the case, the name of the court, and the date and designation of the particular pleading, in conformity with the applicable form in the Practice Book.*

"At the bottom of the first page of each paper, a blank space of approximately two inches shall be reserved for notations of receipt or time of filing by the clerk and for statements by counsel pursuant to Sec. 211 (B), and at the top of each page a blank space of two inches shall be reserved. Papers shall be punched with two holes two and twelve-sixteenths inches apart, each centered seven-sixteenths of an inch from the upper edge, one being two and fourteen-sixteenths inches from the left-hand edge and the other being the same distance from the right-hand edge, and each four-sixteenths of an inch in diameter.

"The clerk may require a party to correct any filed paper which is not in compliance with this section by substituting a paper in proper form.

"This section shall not apply to forms supplied by the judicial department." (Emphasis added.)

[6] The defendant attempts to raise an alternative ground for affirmance. She asserts that the trial court properly sustained the defendant's objection to the plaintiff's deficiency motions because the plaintiff did not file either motion within the thirty day limitation prescribed by General Statutes § 49-14 (a). We decline, however, to review this alternate ground because the defendant has not filed a preliminary statement of issues and thus has failed to comply with Practice Book § 4013. *State* v. *One 1981 BMW Automobile,* 15 Conn. App. 589, 598–99, 546 A.2d 879 (1988). Section 4013 (a) (1) provides in pertinent part: "If any appellee wishes to (A) present for review alternate grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues. Whenever the failure to identify an issue in a preliminary statement

tiff argues that the mistake in the docket number was a "circumstantial error" within the meaning of General Statutes § 52-123 and therefore not subject to abatement.[7] We agree.

Our courts have refrained from interpreting rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects. *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 477–78, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980); see also Practice Book § 6. General Statutes § 52-123 protects against just such consequences by providing that no proceeding shall be abated for circumstantial errors as long as there is sufficient notice to the parties. *Hartford National Bank & Trust Co.* v. *Tucker,* supra, 478. "[Section 52-123] is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." (Internal quotation marks omitted.) *Hillman* v. *Greenwich,* 217 Conn. 520, 527, 587 A.2d 99 (1991).

"Circumstantial defects not subject to abatement by reason of § 52-123 or its predecessors have included

of issues prejudices an opposing party, the court may refuse to consider such issue." The defendant has thus failed to preserve properly this issue for appellate review. See Practice Book § 4013 (a) (1). Moreover, while the defendant addressed this alternative ground in her objection to the plaintiff's motions for deficiency judgment, the facts on which this claim is based have not been determined by the trial court. See *State* v. *St. Pierre,* 17 Conn. App. 100, 102, 549 A.2d 1090, cert. denied, 209 Conn. 828, 552 A.2d 1216 (1988). This court is thus left without the benefit of the trial court's judgment on the issue of the computation of the thirty day period and whether that statutory time for filing the motion for deficiency judgment expired. See generally *Infante* v. *Porath,* 29 Conn App. 465, 615 A.2d 1073 (1992).

[7] General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

the mistaken use of a Practice Book form; *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 357, 514 A.2d 749 (1986); failure to designate an apartment number in a writ; *Hartford National Bank & Trust Co.* v. *Tucker,* [supra, 477–79]; an erroneous reference in appeal papers to 'next term' instead of 'next return day'; *New Haven Loan Co.* v. *Affinito,* 122 Conn. 151, 154, 188 A. 75 (1936); a copy of the affidavit attached to the writ served upon the defendant that did not bear the signature of the affiant; *Matthai* v. *Capen, Trustee,* 65 Conn. 539, 33 A. 495 (1895); an erroneous reference in the return to 'the City Court held at New Haven in and for the city of New Haven' instead of 'The City Court of New Haven'; *New England Mfg. Co.* v. *Starin,* 60 Conn. 369, 370[–71], 22 A. 953 (1891); an erroneous prayer for relief on the writ and declaration rather than on the writ alone; *Draper* v. *Moriarty,* 45 Conn. 476[, 478] (1878); and a defendant who had signed his name in the body of a plea in abatement signed 'defendant' at the end of the plea instead of again signing his name. *Wilcox* v. *Chambers,* 34 Conn. 179[, 180–81] (1867)." *Rogozinski* v. *American Food Service Equipment Corporation,* 211 Conn. 431, 434, 559 A.2d 1110 (1989).

In contrast, substantive defects are those that are subject to abatement. Id., 435. They involve defects or irregularities in the service or return of process and other matters that implicate the court's subject matter jurisdiction. Id., 434–35 (failure to file the return of process at least six days prior to the return date was a substantive defect subjecting the plaintiff's action to a motion to dismiss); *Van Mecklenburg* v. *Pan American World Airways, Inc.,* 196 Conn. 517, 494 A.2d 549 (1985); see also *Shapiro* v. *Carothers,* 23 Conn. App. 188, 190–91, 579 A.2d 583 (1990). In *Van Mecklenburg* v. *Pan American World Airways, Inc.,* supra, 518–19,

our Supreme Court concluded that the plaintiff's failure to include with its motion to open a mandatory filing fee required by General Statutes § 52-259c was a substantive defect. When the plaintiff finally did pay the fee, the motion was considered to have been filed on that date and was untimely under the four month rule.

The scrivener's error or misstatement of a single digit of the docket number in this case was a circumstantial defect and does not abate the plaintiff's claim for a deficiency judgment. The defendant was not prejudiced by the incorrect docket number because she received notice and a copy of the January 23, 1992 motion for deficiency judgment and subsequently filed an objection to the motion. The court improperly concluded in its memorandum of decision that the scrivener's error or misstatement of the docket number was analogous to an irregularity in the service or return of process and therefore amounted to a substantive defect.

The denial of the motion for a deficiency judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.