[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In April, 1990, the plaintiff, John Skovron, filed a three count collection action against Chimblo Industries, Inc. ["CII"] and Hemlock Development Corporation ["HDC"] seeking payment for nursery work done in connection with the construction of condominiums in Greenwich, of which HDC was record owner and CII general contractor. On January 31, 1994, this court, Karazin, J., granted the plaintiff's motion to cite in as an additional party Anthony Chimblo III. "[Chimblo"], whom plaintiff alleges is a principal and treasurer of HDC and vice president of CII. The amended complaint, dated December 28, 1993, added counts alleging that in February, 1990, the parties entered into an oral settlement agreement which Chimblo has since refused to honor. The new counts further allege that Chimblo's release of a mechanic's lien purportedly placed on the Greenwich property to protect plaintiff's financial interest constituted fraudulent interference with the plaintiff's business expectancy. The plaintiff also claims that the two named corporate defendants have been dissolved.
On February 25, 1994, Chimblo [hereinafter "defendant"] filed a motion to dismiss for lack of personal jurisdiction. On March 14, 1994, the plaintiff filed a memorandum of law in opposition to the defendant's motion. "[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State, 190 Conn. 622, 625 n. 4, 461 A.2d 991 (1983). A motion to dismiss "`admits all facts which are well pleaded, invokes the existing record, and must be decided on that alone.'" (Citations omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). The complaint is construed most favorably to CT Page 4210 the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983).
The defendant claims that when the court granted the plaintiff's motion to cite him into the action, he was served with copies of the court order and the amended complaint, but not served with a summons civil form. Therefore, the defendant argues that service was not proper and this court lacks personal jurisdiction. In response, the plaintiff argues that failure to serve the summons form does not deprive the court of jurisdiction. The plaintiff claims that the form was served at the commencement of the action and that the fact that the form was not served upon the defendant after the motion to cite was granted did not result in prejudice to the defendant. The plaintiff also claims that the complaint and order served upon the defendant contained all the necessary information, with the exception of the court address, so the defect was a circumstantial one.
Practice Book 49 provides that "[m]esne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint. "If [a] motion [to implead a third party] is granted, a writ and complaint in usual form must be served upon the new defendant by some appropriate method of service." 1 E. Stephenson, Connecticut Civil Procedure 130 (2d Ed. 1970); see also Practice Book 117; Practice Book Form 106.14.
"[S]ubstantive defects are those that are subject to abatement." First Federal Savings Loan Assn. v. Pellechia,31 Conn. App. 260, 265, 624 A.2d 395 (1993). "They involve defects or irregularities in the service or return or process and other matters that implicate the court's subject matter jurisdiction." Id. A writ of summons is "an essential element to the validity of the jurisdiction of the court." Hillman v. Greenwich, 217 Conn. 520,526, 587 A.2d 99 (1991); Village Creek Homeowners Assn. v. Public Utilities Commission, 148 Conn. 336, 339, 170 A.2d 732
(1961). Such a writ is a statutory prerequisite to the commencement of a civil action. Id. The Supreme Court has stated that:
 [T]he writ of summons shall be on a form substantially in compliance with . . . Form 103.1 (JD-CV-1) . . . . In ordinary usage of the term, [a summons is the] original process upon a proper service of which an action is commenced and CT Page 4211 the defendant therein named brought within the jurisdiction of the court . . . . A summons is part of a citation . . . . The citation . . . is a command to duly authorized officer to summon the [defendant] . . . to appear in court on a specific day to answer the [complaint].
(Citations and internal quotation marks omitted.) Id., 524-25. "Omission of the citation directing the officer to make service is a nonamendable defect since the officer has no authority to make service without an order from a proper authority." Stephenson, supra, 35.
It is undisputed that the defendant was not served with Form 103.1. However, the plaintiff argues that Hillman v. Greenwich, supra, is distinguishable from the present case because in Hillman, it was the original complaint that was not accompanied by a summons. The plaintiff further argues that the plaintiff in Hillman served the defendant with a complaint which did not contain any of the basic requirements of a summons. In contrast, the plaintiff claims that in the present case, the complaint and order served upon the defendant continued "the basic information and direction normally included in the writ and summons," including a description of the parties, the return date, and the signature of a commissioner of the Superior Court. The plaintiff also claims that the defendant waived the defect in service by filing pleadings other than the motion to dismiss.
The fact that a summons was served with the original complaint is immaterial because after the motion to cite in was granted, a new defendant was added to the action. Furthermore, the court order accompanying the motion to add the defendant to this action read as follows:
 Ordered, that on or before February 10, 1994, the plaintiff amend his complaint to state facts showing the interest of Anthony J. Chimblo, III. to appear as a defendant in this action on or before the second day following February 22, 1994, by causing some proper officer to serve on him in the manner prescribed by law a true and attested copy of this order, a true and attested or certified copy of the complaint in this action as amended, and a Summons-Civil Form 103.1 and due return make.
(Emphasis added.) Both the Practice Book and the order of this CT Page 4212 court required the plaintiff to serve a summons upon the new defendant. The civil summons form, unlike the amended complaint and order which plaintiff served upon the defendant, contains the address of the court, and more importantly, the command to a proper officer by the State of Connecticut to make due and legal service of the summons and attached complaint. "Without it, the officer would be little more than a deliveryman." Village Creek Homeowners Assn. v. Public Utilities Commission, supra, 148 Conn. 339. Additionally, the plaintiff has not cited any caselaw which supports his contention that the defendant waived the right to challenge the court's jurisdiction by filing a motion for change of venue, a notice of intention to appeal the granting of the motion to cite in, and the notices of deposition. The motion for change of venue and, presumably, the notices of deposition were filed on behalf of all three defendants, only one of which is challenging the court's jurisdiction. This court does not have jurisdiction over the cited-in defendant due to plaintiff's failure to serve him with a writ of summons. Accordingly, the court grants the motion to dismiss the claims against this defendant.
KARAZIN, J.