[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Factual and Procedural Background
The plaintiff, Cristwood Contracting Inc., is a general contractor which contracted with the defendants to perform construction work in connection with a Department of Transportation project in Litchfield, Connecticut. The plaintiff alleges that the defendants breached their contract with the plaintiff and, as a result, the plaintiff has suffered damages which exceed $100,000.00.
The plaintiff filed an application dated November 7, 1994, for a prejudgment remedy. In response, the defendant has filed a Motion to Dismiss the plaintiff's application for prejudgment remedy on the grounds that the application is defective and therefore deprives this court of subject matter jurisdiction. The defendant contends that the application is defective for two reasons. First, it contains a signed summons and complaint and second, the summons did not contain a return date and as such, the defendant did not plead and the plaintiff instituted a Motion for Failure to Plead against defendant. The caption of the papers served with the prejudgment remedy application, however, indicated a return date of November 29, 1994.
II. Discussion
A. Motion to Dismiss.
Generally, Practice Book § 143 governs the use of a Motion to Dismiss and contains within it five reasons for filing a motion to dismiss, one of which is lack of jurisdiction over the subject matter. "A Motion to Dismiss tests, inter alia, whether on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Therefore, if this court finds that it lacks subject matter jurisdiction, it must grant the defendant's Motion CT Page 2511-a to Dismiss.
B. Signed Documents.
According to Conn. Gen. Stat. § 52-278c(a), "[e]xcept as provided in sections 52-278e and 52-278f, any person desiring to secure a prejudgment remedy shall attach his proposedunsigned writ, summons and complaint" to the prejudgment remedy application. (Emphasis added.) The plaintiff, however, submitted its application for prejudgment remedy to this court together with a signed writ, summons and complaint.
The defendant argues that he plaintiff has not followed the statutory mandate of Conn. Gen. Stat. § 52-278c in that its writ, summons and complaint were not unsigned as required by statute. The plaintiff first argues that although the statute states that the documents must be unsigned, it also only requires the documents be "substantially in the form" presented in the statute and, as such, the signature does not render the application defective. Second, the plaintiff argues that even if the application is defective, the defect is circumstantial and can be cured. The plaintiff's second argument has merit.
The plaintiff's first argument refers to § 52-278c(b). This section not only describes the documents required in order to secure a prejudgment remedy, but also provides sample forms in order to assist the applicant. Prior to presenting the sample forms, however, § 52-278c(b) reads: "The application, order and summons shall be substantially in the form following:" (Emphasis added.) The plaintiff relies on this wording, "substantially in the form following", to argue that the signed documents are permissible under the statute, since the statute implies that the form does not need to be followed exactly. However, such a reading of the statute assumes without any case authority, that "substantially in the form following' allows flexibility in the actual information which is required to be provided in these documents.
In contrast to plaintiff's argument, it is entirely possible, and in fact likely, that the meaning of this language actually indicates that the applicant is not bound to follow the sample forms word for word, nor use the exact same format, but that the basic information must be provided. The legislature specifically stated that the writ, summons and complaint CT Page 2512 be unsigned and according to the Connecticut Supreme Court, "statutes should be construed so that no part of a legislative enactment is to be treated as insignificant and unnecessary, and there is a presumption of purpose behind every sentence, clause or phrase in a legislative enactment. 84 Century LimitedPartnership v. Board of Tax Review, 207 Conn. 250, 263,541 A.2d 478 (1988).
Therefore, absent any authority which states otherwise, it cannot be successfully argued that the word "substantially" in § 52-278c(b) can be read to mean that the writ, summons and complaint can be signed and not render the application defective when the legislature specifically stated that such documents be unsigned. As such, the application is defective.
Although defective, the plaintiff can still prevail upon showing that the defects on the prejudgment remedy application are curable, circumstantial defects. The plaintiff principally relies on the Appellate Court's decision in Shokitev. Perez to support its argument that the signatures on the application constitute curable defects. 19 Conn. App. 203,561 A.2d 461 (1989). In Shokite, the trial court dismissed plaintiff's personal injury action because plaintiff's complaint was not signed when originally filed. The court concluded that, due to the lack of signature, it was deprived of subject matter jurisdiction, pursuant to Conn. Gen. Stat. § 52-45a. The Appellate Court reversed, holding that the presence vel non of a signature on the complaint was a curable defect which did not implicate the court's subject matter jurisdiction. Id.,
206-207.[1] Further, the court also noted that Practice Book § 399 prohibits a court clerk from filing any paper that has not been signed by counsel. Therefore, the clerk's acceptance of the unsigned complaint should not disadvantage the plaintiff or deprive the court of jurisdiction.
The Shokite decision also evinces a long-standing principle consistent with Connecticut rules. The court states:
 "it is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567, 574, 392 A.2d 440 (1978). To that end, the rules of practice are "to be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work to surprise CT Page 2513 or injustice." Practice Book §§ 6 and 487.
Similarly, Conn. Gen. Stat. § 52-123 provides:
 No writ, pleading, judgment of any kind or any kind of proceeding in Court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes, or defects, if the person and the cause may be rightly understood and intended by the Court.
The Supreme Court of Connecticut has noted that Conn. Gen. Stat. § 52-123 "is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." Rogozinski v.American Food Service Equipment, 211 Conn. 431, 434559 A.2d 1110 (1989). Such defects have included the mistaken use of a Practice Book form, a copy of the affidavit attached to the writ served upon the defendant that did not bear the signature of the affiant, and a defendant who had signed his name in the body of a plea in abatement signed "defendant" at the end of the plea instead of again signing his name. Id., citing ChestnutRealty, Inc. v. Commission on Human Rights Opportunities,201 Conn. 350, 357, 514 A.2d 749 (1986), Matthai v. Capen,Trustee, 65 Conn. 539, 33 A. 495 (1895), and Wilcox v.Chambers, 34 Conn. 179 (1867). Similarly, a persuasive argument could be made that the mistake of signing the documents simply constituted a defect in the text of the writ and therefore § 52-123 may be used to provide relief.
The defendant relies on the defectiveness of the signed application in support of its motion to dismiss. While it is true that the plaintiff has not followed the statutory mandate of Conn. Gen. Stat. § 52-278c in that its writ, summons and complaint were signed in violation of the statute, this defect is curable and circumstantial and therefore, it is not fatal.[2]
C. Return Date.
As previously stated, the plaintiff commenced this action on November 7, 1994, by submitting an application pursuant to Conn. Gen. Stat. § 52-278a et seq. The summons which was attached to the application did not contain a return date. However, a return date was indicated on the caption of the papers CT Page 2514 served with the application. The defendant contends that the absence of a return date is another defect which serves to deprive this court of subject matter jurisdiction. Moreover, the defendant failed to plead in this action purportedly because of lack of return date. The plaintiff counters by stating that the form of summons as set forth in Conn. Gen. Stat. § 52-278c(b) does not require the inclusion of any return date on the summons. The plaintiff's argument has merit and is further supported by the fact that improper return dates are amendable.
A writ of summons is a statutory prerequisite to the commencement of a civil action which is an essential element to the validity of the jurisdiction of the court. See Conn. Gen. Stat. § 52-45a; Village Creek Homeowners Assn. v. Public UtilitiesCommission, 148 Conn. 336, 339, 170 A.2d 732 (1961). A writ of summons is analogous to a citation in an administrative appeal. Sheehan v. Zoning Commission, 173 Conn. 408, 412,378 A.2d 519 (1977).
The prejudgment remedy application, without a return date, was sufficient to provide the defendant with adequate notice about the action. Howard v. Robertson, 27 Conn. App. 621,626, 603 A.2d 711 (1992). In the Howard case, as in this case, the writ accompanying the prejudgment remedy documents did not specify a return date by which the defendant would have to file an appearance. While the court found the documents insufficient to serve as the basis of a petition for new trial, such documents were found sufficient to provide notice. Id.
Thus, the defendant had notice of the proceedings.
Although the summons itself did not include a return date, the defendant had notice of such date because it was indicated on the caption of the papers served with the application. A writ of summons "need not be technically perfect, and need not conform exactly to the form set out in the Practice Book." Hillman v. Town of Greenwich, 217 Conn. 520, 526,587 A.2d 99 (1991). The Supreme Court of Connecticut has noted:
 As long as it contains a proper citation [summons], signed by a competent authority, [the] use [of an improper form] does not call into question the jurisdiction of the Superior Court. . . . If the form [that was used] clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an CT Page 2515 appearance, and also directs a competent authority to summon the defendant, then the policy of giving notice to the defendant of the nature of the proceedings has been served. McQuillan v. Department of Liquor Control, 216 Conn. 667, 672-673, 583 A.2d 636
(1990) citing Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 356-357, 514 A.2d 749 (1986).
The summons in the case at hand comports to the requirements as set forth by the Connecticut Supreme Court in that although it was not in "proper" form, it, coupled with the caption of papers, contained all the necessary requirements to render the defendant adequately served and apprised of the proceedings.
Even if the summons coupled with the caption of papers attached to the application was not sufficient to properly notify the defendant, the summons would not be defective because the return date may be amended if improper. ConceptAssocs. v. Board of Tax Review of Guilford, 229 Conn. 618,642 A.2d 1186 (1994). In Concept Assocs., the Supreme Court held that the language of Conn. Gen. Stat. § 52-72 which reads: "any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day" is mandatory, not directory and that this reading extends to the amendment of return dates that have passed. Id. at 1189. According to the court, "[t]he apparent intent of the legislature in enacting § 52-72 was to prevent the loss of jurisdiction merely because of a defective return date." Id. at 1188. Although this case involves a nonexistent return date as opposed to a wrong return date, nonetheless a persuasive argument could be made that this is likewise a defective return date and, as such, shall be permissibly amended.
The plaintiff's argument that the form of summons as set forth in Conn. Gen. Stat. § 52-278c(b) does not require the inclusion of any return date on the summons is true upon plain reading of the statute. This argument is further supported by the above stated facts.
III. CONCLUSION
Accordingly, defendant's Motion to Dismiss the plaintiff's application for prejudgment remedy is denied. Although defective, the signed summons and complaint which accompanied CT Page 2516 the application are circumstantial defects which can be cured and therefore the court's subject matter jurisdiction is not implicated. Similarly, the failure to include a return date on the summons is not fatally defective in that the defendant was adequately notified of the proceedings as the return date was included with the application on another document. Moreover, like the signed documents, the defective return date is amendable and therefore is a curable circumstantial defect as well.
SUSAN B. HANDY JUDGE, SUPERIOR COURT