[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS APPORTIONMENT COMPLAINT AND MOTION TO STRIKE APPORTIONMENT COMPLAINT.
The plaintiffs, Donald L. McKnight and Katie L. McKnight, brought this action against the defendants, James M. Schickendanz and K.T.L., Inc., with a return date of November 4, 1997. The plaintiffs allege that defendant Schickendanz negligently, carelessly and recklessly operated a vehicle owned by defendant K.T.L., Inc., causing a collision with the plaintiff which resulted in alleged injuries sustained by the plaintiff.
The defendants served an apportionment complaint upon the apportionment defendant, Fireman's Fund Insurance Company, on December 18, 1997. The defendants/apportionment plaintiffs allege that the accident was caused when a "small unknown vehicle" entered the lane and caused the plaintiff to apply his brakes, ultimately causing the defendant to apply his brakes. The apportionment plaintiffs allege that "[d]ue to the slippery road conditions the defendant impacted the rear of the plaintiff's vehicle." The defendants/apportionment plaintiffs allege that the apportionment defendant, Fireman's Fund Insurance Company, "is or may be liable for a proportionate share of liability pursuant to C.G.S. § 52-572h as the surrogate for the negligence of the phantom vehicle that caused the accident . . ."
On February 13, 1998, the apportionment defendant filed a motion to strike the apportionment complaint on the grounds that the apportionment plaintiffs failed to state a cause of action CT Page 13791 against the apportionment defendant. On March 4, 1998, the apportionment plaintiffs filed their objection to the motion to strike. Both sides have submitted memoranda of law in support of their respective positions. The motion to strike the apportionment complaint was, ultimately, argued on the short calendar on September 21, 1998.
On August 17, 1998, with the motion to strike still pending, the plaintiffs filed a motion to dismiss the apportionment claim for failure to prosecute in a diligent fashion.[1] On August 27, 1998, the plaintiffs filed a supplemental motion to dismiss the apportionment claim on the grounds that the defendants/apportionment plaintiffs failed to comply with General Statutes § 52-102b. The plaintiffs state that since the defendants/apportionment plaintiffs failed to comply with the statute, the court is without subject matter jurisdiction.
Having both the motion to strike the apportionment complaint and the motion to dismiss the apportionment complaint before it, the court will first address the motion to dismiss the apportionment complaint.
"A motion to dismiss . . . properly attacks the jurisdiction of the court . . ." (Internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the person, . . . insufficiency of process, and . . . insufficiency of service of process." Knipple v. VikingCommunications, 236 Conn. 602, 604, n. 3, 674 A.2d 426 (1996), quoting Practice Book § 143, now Practice Book (1998 Rev.) § 10-31. In addition, "[t]he motion to dismiss shall also be used to assert . . . lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Townof Manchester, 235 Conn. 637, 645-46, n. 13, 668 A.2d 1314 (1995).
"[S]ubject matter jurisdiction can be raised at any time . . ." Gagnon v. Planning Commission, 222 Conn. 294, 297,608 A.2d 1181 (1992). "Once an issue of subject matter jurisdiction has come to our attention, we cannot adjudicate a case on its merits without first determining whether we have the authority to proceed." Simms v. Warden, 229 Conn. 178, 180, 640 A.2d 601
(1994). "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or consent." Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 192, 676 A.2d 831 (1996). CT Page 13792
The plaintiffs argue that the apportionment complaint should be dismissed because the defendants/apportionment plaintiffs failed to comply with General Statutes § 52-102b, thus depriving the court of subject matter jurisdiction. Section 52-102b states, in pertinent part, that "[t]he defendant filing an apportionment complaint shall serve a copy of such apportionment complaint on all parties to the original action in accordance with the rules of practice of the Superior Court . . ." General Statutes § 52-102b(a).
"The purpose of statutory construction is to give effect to the intended purpose of the legislature . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Citations omitted; internal quotation marks omitted.) State of Connecticut v. DeFrancesco,235 Conn. 426, 435, 668 A.2d 348 (1995). The clear language of the statute indicates that the legislature intended that the apportionment complaint be served on all parties to the original action, specifically, the plaintiffs. See Everett v. Widlitz, Superior Court, judicial district of New London, Docket No. 537562 19 CONN. L. RPTR. 416, (May 1, 1997) (Booth, J.) (motion to dismiss the apportionment complaint is granted on the ground that the defendants failed to comply with the statutory requirements); see also Witkin v. Schettino, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 149015 (April 1, 1997) (D'Andrea, J.) (19 CONN. L. RPTR. 226, 227) (motion to dismiss granted for failure to meet the statutory time limitation pursuant to § 52-102b).
The plaintiffs submitted an affidavit from their attorney which indicates that "the plaintiffs never received any notice or pleadings in connection with the Defendants' Apportionment Claim against Fireman's Fund Insurance Company as required by C.G.S. § 52-102b." The attorney, in his affidavit, further indicates that "it was not until beyond sixty (60) days of the filing of the Apportionment Claim and after the Return Date of November 4, 1997, in February 1998 that [he] became aware of the Apportionment Claim."
The defendants/apportionment plaintiffs argue that General Statutes § 52-123 saves their apportionment claim. Section 52-123 states that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial CT Page 13793 errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." The defendants/apportionment plaintiffs argue that the defect in this case was a circumstantial defect which could be cured by § 52-123. They further argue that the circumstantial defect was, indeed, cured "once counsel for the plaintiff came into possession of the pleadings he claims he did not receive."
"[Section 52-123] is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." (Alteration in original; internal quotation marks omitted.) Hillman v.Greenwich, 217 Conn. 520, 527, 587 A.2d 99 (1991). [S]ubstantive defects are those that are subject to abatement . . . They involve defects or irregularities in the service or return of process and other matters that implicates the court's subject matter jurisdiction." (Citation omitted.) First Federal Savingsand Loan Association of Rochester v. Pellechia,31 Conn. App. 260, 265, 624 A.2d 395 (1993). "[D]espite its facially expansive language, [section]52-123 and its predecessors have been uniformly limited in their application to defects in the writ . . . Meanwhile, there is uncontroverted authority to the effect that defects in the process are voidable and therefore subject to abatement. We see no reason to disturb this well recognized distinction." (Citation omitted.) Rogozinski v. AmericanFood Services Equipment Corp. , 211 Conn. 431, 435,559 A.2d 1110 (1989).
The plaintiffs in the original action did not receive a copy of the apportionment complaint in a timely fashion. This is a substantive defect that cannot be cured by General Statutes § 52-123. Being a fatal defect it is grounds for a motion to dismiss. The defendants/apportionment plaintiffs argue that the plaintiffs did receive notice of the apportionment action and were not prejudiced by the defendants'/apportionment plaintiffs' failure to comply with the statute. However, this defect is not "in the text of the writ itself," but an "irregularity in the service or return of process" and cannot be cured by § 52-123. See Hillman v. Greenwich, supra, 217 Conn. 520.
Since the defendants/apportionment plaintiffs failed to comply with General Statutes § 52-102b, the plaintiffs' motion to dismiss the apportionment claim is hereby granted.[2]
So Ordered. CT Page 13794
D'ANDREA, J.