Helen **MARTIN-TRIGONA**, Appellant,

v.

**GELLIS & MELINGER**, et al.

No. 86–5512.

United States Court of Appeals, District of Columbia Circuit.

Oct. 6, 1987.

As Amended Oct. 6, 1987.

Helen Martin-Trigona, pro se.

David P. Durbin, Washington, D.C., for Gellis & Melinger, et al., appellees.

Before ROBINSON and D.H. GINSBURG, Circuit Judges, and MacKINNON, Senior Circuit Judge.

PER CURIAM.

Appellant Dr. Helen Martin-Trigona has appealed the dismissal of her complaint by the district court. We find no error and affirm.

On December 5, 1985, Dr. Martin-Trigona filed a three count complaint in the district court alleging that the law firm of Gellis & Melinger and Jan Ira Gellis were liable for fraud, breach of contract, and legal malpractice. The gravamen of the complaint was based upon an alleged contract for the advance of $12,000 paid to the law firm as a "loan" and "advance against legal fees." The money was paid, according to the complaint, to secure the law firm's representation of Dr. Martin-Trigona's son, Anthony, in certain unspecified litigation before a United States bankruptcy court. The complaint alleged, *inter alia,* that the law firm was operated as a "racketeering enterprise" and performed the services for which it was hired in a "negligent and incompetent manner."

In response, the defendants moved the district court to order Dr. Martin-Trigona to show cause why the complaint should not be dismissed for failure to abide by the terms of a permanent injunction filed in the case of *In re Martin-Trigona,* 592 F.Supp.

1566 (D.Conn.1984). The district court was advised of the conditions of the injunction, which, in broad terms, restricts the manner in which Anthony Martin-Trigona and persons "acting at his behest ... direction ... instigation ... or in concert with him" may institute legal proceedings. *Id.* at 1574. Among the many conditions imposed is the requirement that leave of the United States District Court for the District of Connecticut be secured prior to the institution of

> any lawsuit ... against any person or entity ... that has had any connection with litigation involving him in any way, in the United States Bankruptcy Court for the District of Connecticut ... including ... (d) counsel, *e.g.,* attorneys who have represented Martin-Trigona from time to time....

*Id.* at 1573. It was undisputed that Dr. Martin-Trigona had not sought leave of the Connecticut district court, and in fact, she claimed no need to do so. In response to the motion requesting an order to show cause, Dr. Martin-Trigona stated her belief that the injunction was "in no way applicable" to her lawsuit, and did not "regulate ... her own legal affairs."

The district court, however, was unpersuaded. The court ordered Dr. Martin-Trigona to show cause why the complaint should not be dismissed for the apparent failure to abide by the terms of the injunction.

Characterizing the order of the court as "harassing and frivolous," Dr. Martin-Trigona stated in no uncertain terms her intention not to respond to the order to show cause. Instead, claiming that the conduct of the court was motivated by "spite and malice," she moved for the recusal of the district court judge.[1]

Following a hearing on the order to show cause, the district court concluded that the lawsuit "appear[ed] to be related" to the litigation before the United States District Court for the District of Connecticut. The court stayed further proceedings in this case, and consistent with the terms of the

---

1. Exercising an abundance of caution, the district court judge did indeed recuse himself from further participation in this litigation. The case was reassigned to another member of the district court bench.

injunction, allowed Dr. Martin-Trigona sixty days to seek leave of the Connecticut court for this lawsuit to proceed.

Shortly thereafter, Dr. Martin-Trigona filed a motion to vacate and "Notice of Intention Not to Comply with Said Order." In that motion, it was clearly indicated that Dr. Martin-Trigona did not consider that the Connecticut injunction applied to her and that she had no intention of seeking leave of the Connecticut court to proceed. The district court denied the motion to vacate, and upon the expiration of the sixty day stay period, dismissed the complaint. This appeal followed.

■ Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may enter an involuntary dismissal of a case "[f]or failure of the plaintiff to prosecute or to comply with [the Civil Rules] or any order of court." Despite this broad grant of authority to the district court, we are not unaware of the fact that dismissal of a case is a drastic remedy that is not appropriately applied in every case in which a litigant fails to comply with an order of the court. *See e.g., Camps v. C & P Telephone Co.,* 692 F.2d 120, 122–25 (D.C.Cir. 1982) (single act of misconduct by a lawyer or a *pro se* litigant should not, ordinarily, result in dismissal of the case). This case, however, is not an ordinary case.[2]

■ Dr. Martin-Trigona has deliberately elected, and announced her intention, not to comply with the court's orders in any respect. Even when the court, in its show cause order, specifically alerted her to the possibility of dismissal, she stood her ground, asserted her position and stated her intention not to respond to the "harassing and frivolous" order of the court. Such calculated, deliberate disregard of the court's authority and the force of its orders is so utterly inconsistent with the administration of justice and orderly conduct of the business of the court that it cannot be tolerated. If the court is to discharge its function, its orders must be obeyed. When a party deliberately refuses to comply with

an order, and persists in such refusal in the face of impending dismissal, the court has no choice but to use the remedy provided by Rule 41(b) to dismiss. *Maddox v. Shroyer,* 302 F.2d 903, 904 (D.C.Cir.), *cert. denied,* 371 U.S. 825, 83 S.Ct. 45, 9 L.Ed.2d 64 (1962).

Accordingly, the order of the district court dismissing the complaint in this case is affirmed.

*So ordered.*

---

2. Dr. Martin-Trigona has, in the words of another court, "collaborated closely" with her son Anthony in the maintenance of at least some of his lawsuits, which number in the hundreds. *See In re Martin-Trigona,* 592 F.Supp. at 1576.