**In re Anthony R. MARTIN–TRIGONA, New Haven Radio Inc.**

**Misc. Civ. No. H–83–62 (PCD).**

United States District Court, D. Connecticut.

April 20, 1992.

---

Richard Belford, New Haven, Conn.

Irving Perlmutter, and Greenfield, Krick & Jacobs, New Haven, Conn.

### RULING ON MOTION TO VACATE/MODIFY INJUNCTION

DORSEY, District Judge.

Anthony R. Martin–Trigona, one of the debtors in the captioned bankruptcy matter, has moved for entry of an order to replace or modify an injunction previously entered in these proceedings. The order, entered after thorough consideration by this court and the court of appeals, 573 F.Supp. 1245 (D.Conn.1983), *aff'd in part, vacated in part and remanded,* 737 F.2d 1254 (2d Cir.), *on remand,* 592 F.Supp. 1566 (D.Conn.1984), *aff'd,* 763 F.2d 140 (2d Cir.1985) (per curiam), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986), imposed broad and specific restraints on Mr. Martin–Trigona. The enjoinder was supported by a long record of Mr. Martin–Trigona's litigiousness which was characterized as frequently abusive, harassing, vituperative, and meritless. The order sought to protect parties to this litigation, the courts, and others from misuse of the legal system by Mr. Martin–Trigona and the necessity of expenditure of great amounts of time and money for little or no useful purpose. The litany of Mr. Martin–Trigona's conduct in court, the effect on others, and the characterizations of his activity by judges familiar with the facts are set forth in the·opinions noted. They need not be repeated here.

The injunction finally entered would be replaced, and thus modified by the order offered by Mr. Martin–Trigona which would merely bar re-litigation of matters decided in this case and bar actions involving parties, participants or counsel, or issues related to this case except with prior leave of this court. He would thus eliminate the broad reach of the earlier injunction and the elaborate procedures designed to ensure its enforcement. He offers the replacement to expedite his contemplated litigation, to eliminate the encumbrances, and, in proclaimed concern for all involved in enforcement of the injunction, to eliminate the burden on the courts created thereby. An order to show cause was issued to permit any interested party to comment on the request of Mr. Martin–Trigona.

After due consideration of Mr. Martin–Trigona's submission and his supporting papers and the comments received in response to the order to show cause, the request is denied. The injunction will stand as entered on September 13, 1984.

The legal process is part of the structure of the community, both federal and state. It is intended to ensure the rights of the community's members and to resolve, in accordance with the law, those disputes the parties are not able to resolve between or among themselves. What Mr. Martin–Trigona has done has been to subvert so substantially the purposes of the legal process as to be deemed properly stripped of the opportunity to continue to do so. He has thus burdened the courts, obstructed others from their entitled enjoyment of their rights and threatened others with loss of their rights. He has offended, hounded, interfered without right, and succeeded in making life miserable without legal justification for many. He has earned the burden imposed on him, not only in the restriction of his access to the courts, but in the requirement that courts where he proposes to file litigation be apprised of his history of litigation. The burden on him is justified in the record and nothing he has offered warrants relieving him of it. The courts will simply have to bear the strain of enforcing the injunction to avoid the greater burden of improper suits being filed. As the court of appeals noted in

upholding the propriety of the injunction, the supporting facts are "abundantly supported by the record." 737 F.2d at 1266. No showing has been made that his practices have either abated or been abandoned.

The request to vacate or modify the injunction is denied.

SO ORDERED.