James T. **WALKER, Plaintiff,**

v.

William K. **REILLY, Administrator, Environmental Protection Agency, Defendant.**

**Civ. A. Nos. 91-2851 (CRR), 92-2657 (CRR).**

United States District Court, District of Columbia.

Dec. 7, 1992.

---

James T. Walker, pro se.

Jay B. Stephens, U.S. Atty. for the District of Columbia, John Bates, and Claire Whitaker, Asst. U.S. Attys., Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a fourth status conference with counsel for the Defendant and the Plaintiff on December 4, 1992. At this time, the Court reminded the Plaintiff, who is proceeding *pro se,* that the Court had instructed him to retain counsel on several prior occasions. He agreed. The Court further advised the Plaintiff that he could not adequately conduct a suit and claim involving complicated issues of employment discrimination and civil rights law without the assistance of counsel. The Plaintiff agreed and stated that he had contacted several lawyers, many of whom refused to take the case on the merits or because of Plaintiff's alleged inability to pay a legal fee even though he earns in excess of $ 53,000 per year.

The Court also advised the Plaintiff that his best interest would be served by getting counsel to process this case and handle the trial. For this reason, the Court instructed the Plaintiff to retain an attorney or face dismissal of the case for want of prosecution.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a plaintiff's case is subject to involuntary dismissal "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court...." Further, a district court may dismiss an action on its own motion because of a party's failure to comply with court orders designed to ensure orderly prosecution of the case. *Link v. Wabash R.R.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). Dismissal is an appropriate measure if warranted by the effect of a plaintiff's conduct on the docket of the court, the prejudicial effect on the defendant, and the need to protect the integrity of the judicial system. *Bristol Petroleum Corp. v. Harris,* 901 F.2d 165, 167 (D.C.Cir.1990).

In this case, the Plaintiff has clearly shown that he is incapable of conducting this suit without the aid of counsel. He has failed to properly respond to the interrogatories of the Defendant. Many of the answers provided by the Plaintiff were incomplete. Moreover, the Plaintiff put off answering some of the interrogatories, those that related to the details of the discrimination alleged, until a later date. Finally, the answers that the Plaintiff did provide failed to comply with Fed.R.Civ.P. 33(a) (not made under oath) and D.D.C. Local Rule 207 (did not print the specific interrogatory to which the answer was directed). Also, the Plaintiff has yet to make any response to Defendant's Request for Production of Documents relevant to the discrimination claim.

Because of the Plaintiff's delay in responding to discovery requests, the Defendant recently filed a Motion to Compel the discovery sought by the Defendant. The Plaintiff failed to respond in any way to the Motion, in violation of D.D.C. Local Rule 108(b). The Court could summarily grant the Defendant's Motion to Compel because of the Plaintiff's failure to respond. The Plaintiff's failure indicates that he is unaware of the basic procedures required by the Local Rules of this Court.

The Plaintiff's inability to prosecute this suit is also reflected in other papers filed with the Court. Plaintiff recently filed a "Request for Witnesses," a list of eighteen individuals that the Plaintiff requests "as witnesses at trial in the above-captioned case." From the document, the Court cannot determine whether the Request is an announcement of the witnesses Plaintiff expects to call at trial, an attempt to subpoena the witnesses, or some other activity. In any event, a trial date has yet to be set in this case, due in part to the difficulty the Defendant has had in completing discovery.

Finally, the Court notes that the most recent Complaint filed by the Plaintiff is by no means a "short and plain statement of the claim" put forward by the Plaintiff, as required by Fed.R.Civ.P. 8(a). Instead, the Plaintiff filled the Complaint, in excess of thirty pages, with graphs and charts allegedly showing his mistreatment by the Defendant. The Complaint is one more indication that the Plaintiff is incapable of prosecuting this suit without the assistance of counsel. This inability both prejudices the Defendant, by rendering the Defendant unable to respond to the claims brought against it, and prevents the Court from promptly resolving this dispute and attending to other matters on the Court's crowded docket.

The Court has put the Plaintiff on notice, "in clear and unequivocal terms," that he cannot continue to prosecute the case without the assistance of counsel and "that his case is in danger of dismissal...." *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1078 (D.C.Cir.1986). Despite the instructions of this Court, the Plaintiff has failed to obtain counsel. The failure to comply with the Court's Order will be attributable to him. *Monroe v. Ridley*, 135 F.R.D. 1, 8 (D.D.C.1990).

The Court cannot prosecute the Plaintiff's case for him, and the Court cannot adjudicate the merits of this complex dispute without learned counsel representing each side. To attempt to do so is unfair to all of the parties involved: the Defendant cannot prepare an adequate defense, the Court cannot properly handle the case, and the Plaintiff himself risks losing an allegedly meritorious suit. A dismissal, without prejudice, is the appropriate method of solving this problem. The Court is acting within its sound discretion when, as here, it dismisses a case because of the Plaintiff's failure to comply with Orders of the Court, *Bristol Petroleum Corporation v. Harris*, 901 F.2d 165 (D.C.Cir.1990); *Martin–Trigona v. Gellis & Melinger*, 830 F.2d 367 (D.C.Cir.1987) (D.C.Cir.1987), and with well-established rules of procedure. *Lepkowski v. U.S. Dep't of the Treasury*, 804 F.2d 1310 (D.C.Cir.1986); *Ames v. Standard Oil Co. (Indiana)*, 108 F.R.D. 299 (D.D.C.1985).

No lesser sanction can correct the pattern of negligent prosecution committed by the Plaintiff. *Camps v. C & P Telephone Co.*, 692 F.2d 120, 124 (1981). The case will be dismissed unless Plaintiff obtains counsel as required by this Order.

The Court notes that the Plaintiff has filed three suits alleging that he was the victim of discriminatory terms and conditions of employment. The Court had previously consolidated the first two cases filed, finding that both cases relied on the same facts and circumstances of employment and alleged discriminatory conduct. The third suit, which the Plaintiff recently filed, also stems from the same alleged pattern of discrimination. Consequently, the Court finds that consolidating the cases is appropriate. By consolidating Civil Action 91–2851 with Civil Action 92–2657, the Court and the parties could avoid unnecessarily duplicative proceedings and the Plaintiff could obtain a prompt hearing with respect to all of his grievances.

Accordingly, it is, by this Court, this 7th day of December, 1992,

ORDERED that Civil Action 91–2851 shall be, and hereby is, CONSOLIDATED with Civil Action 92–2657, such that Civil Action 91–2851 shall be considered a part of the claims in Civil Action 92–2657; and it is

FURTHER ORDERED that Civil Action 91–2851 shall be, and hereby is, DISMISSED from the dockets of this Court; and it is

FURTHER ORDERED that the Plaintiff shall retain counsel on or before 4:00 p.m. on December 18, 1992; and it is

FURTHER ORDERED that, if counsel for the Plaintiff does not enter an appearance on or before 4:00 p.m. on December 18, 1992, the Court shall dismiss Civil Action 92–2657.