[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#108) FILED BY DEFENDANT LYNN WILLIAMS, PRO SE
Presently before this court is the Motion to Dismiss (#108) filed by defendant Lynn Williams, pro se. The motion should be denied.
On April 14, 1992, the plaintiffs, Anthony R. Martin and Helen Martin-Trigona, filed a four count complaint against the defendants Joe Chiarelli, Lynn Chiarelli Williams, Richard Williams and the Connecticut Department of Children Youth Services. The plaintiffs seek damages and injunctive relief against the defendants based on the following self-styled legal theories: tortious interference with the plaintiffs' custody rights with regard to the plaintiff, Anthony R. Martin's, two children, Anthony R. Martin, IV and Elizabeth I. Martin; invasion of privacy; "prima facie tortious" conduct; and violations of the plaintiffs' civil rights in derogation of 42 U.S.C. § 1983[.]
On May 15, 1992, the moving defendant, Lynn Williams ("the defendant"),[1] filed a motion to dismiss on the ground of lack of subject matter jurisdiction, in that the action was commenced in violation of a federal court injunction, and on the ground of insufficiency of process. The defendant has subsequently filed numerous supplemental memoranda in support of her motion, raising as an additional ground for dismissal the fact that this action was commenced in violation of a Florida court restraining order.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624. "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book 143. "Any claim of lack of jurisdiction over the subject matter cannot be waived[.]" Practice Book 145. The defendant first argues that the instant action should be dismissed because it was instituted in violation of a federal court injunction, which places restrictions on the plaintiffs' access to the court. According to the defendant, the plaintiffs failed to comply with the federal injunction by commencing this lawsuit without obtaining leave and permission to do so. The defendant further argues that the plaintiffs violated the injunction by failing to provide any documents to the court regarding the plaintiff, Anthony R. Martin-Trigona's, litigation history.
In 1983, an injunction entered against Anthony R. Martin-Trigona CT Page 10552 which, inter alia, "permanently enjoined [him] from filing any new action or proceeding in any court (state or federal) of the United States, without first obtaining leave of that court." In re Martin-Trigona, 573 F. Sup. 1245, 1267 (D. Conn. 1983). Pursuant to the injunction, in seeking leave of a court, Anthony Martin-Trigona is required to append pertinent informational materials concerning his past litigation activities to his pleadings. Id. The injunction further states that "the failure by Anthony R. Martin-Trigona to advise a court in which he has filed a lawsuit of this order or to comply with this order may be considered by such court a sufficient defense to sustain a motion to dismiss such a lawsuit." Id. The injunction further provides that failure to comply with its requirements will subject Martin-Trigona to the penalties available for contempt, including fine or imprisonment or both. Id.
On appeal, a portion of the injunction which applied to actions brought in state courts was vacated. In re Martin-Trigona,737 F.2d 1254, 1262-64 (2d Cir. 1984). However, the court of appeals noted that the provisions of the injunction requiring Martin-Trigona to append pertinent informational materials to pleadings in state court should remain in effect. Id., 1263.
On remand, the district court held that Martin-Trigona must append to any new action filed in state court, a document entitled "Informational Statement Concerning Litigation History of Anthony R. Martin-Trigona, Pursuant to Court Orders." See In re Martin-Trigona,592 F. Sup. 1566, 1573 (D. Conn. 1984), aff'd 763 F.2d 140
(2d. Cir. 1985), cert. denied 474 U.S. 1061, 106 S.Ct. 807,88 L.Ed.2d 782 (1986). Attached to this document, Martin-Trigona is to append copies of the following decisions: In re Martin-Trigona,573 F. Sup. 1245 (D. Conn. 1983), with all appendices; In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984), with all appendices; In re Martin-Trigona, 592 F. Sup. 1566 (D. Conn. 1984), with appendices. Id. On April 20, 1992, the district court (Dorsey, J.) denied Martin-Trigona's request to replace or modify the injunction. See In re Martin-Trigona, New Haven Radio, Inc.,139 B.R. 69 (1992). "The injunction . . . applies with full force to Dr. [Helen] Martin-Trigona when she acts at her son's behest, or at his direction, or at his instruction, or in concert with him." Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993); see also Martin-Trigona v. Gellis Melinger, 830 F.2d 367 (D.C. Cir. 1987).
The injunction has been enforced and complaints have been dismissed in the federal court system; Martin-Trigona v. Shaw, CT Page 10553 supra; Martin-Trigona v. Gellis Melinger, supra; Martin-Trigona v. Stewart, 659 F. Sup. 45 (D.D.C. 1987).
In Martin-Trigona v. Capital Cities/ABC, Inc., 546 N.Y.S.2d 910
(Sup. 1989), the court noted with approval the injunction entered against Martin-Trigona in the federal court. Noting the volume of cases that Martin-Trigona filed in the New York Court, it then issued its own injunction,
 enjoin[ing] [Martin-Trigona] from commencing, or continuing, any further action, or proceeding, or any further motions unless he is represented by an attorney at law admitted to practice in the State of New York without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or future action with the sole exception of appealing the order based on this decision.
Id., 913.
On August 3, 1992, the Supreme Court of the State of New York-New York County, dismissed an action brought by Anthony R. Martin against the Town Clerk, City of Middletown, et al.
In Florida, after noting that it had "been inundated with appeals and petitions from [Anthony R. Martin]," the court "den[ied] all current and pending motions and petitions, and further invoke[d] the extreme remedy of barring the appellant and his mother from filing, or causing to be filed, any further pro se proceedings, pleadings, briefs or other papers in th[at] court." Martin v. Stewart, 588 So.2d 996 (Fla.Dist.Ct.App. 1991). The Florida court further ordered that "[a]ll future filings must be certified to by a member of the Florida Bar in good standing who must also certify that he or she is the appellant's attorney of record." Id.
With regard to subject matter jurisdiction, the defendant argues that the instant action should be dismissed because it was commenced in violation of the federal court injunction which places restrictions on the plaintiffs' right to file suit.
"`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" Ambroise v. William Raveis Real CT Page 10554 Estate, Inc., 226 Conn. 757, 765. "`Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged.'" Killingly v. Connecticut Siting Council, 220 Conn. 516, 522. Roberts v. Roberts, 32 Conn. App. 465, 470.
No Connecticut authority has been found to support the proposition that the plaintiff's failure to comply with the federal injunction deprives the court of subject matter jurisdiction.
The plaintiff is required to attach an "Informational Statement Concerning Litigation History of Anthony R. Martin-Trigona, Pursuant to Court Orders," (hereinafter "Informational Statement") to his action in this court. This was not done in this action. The question therefore becomes whether this failure requires that the instant action be dismissed.
General Statutes 52-45a provides:
 Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day and the date and place for the filing of an appearance. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable.
See also Practice Book 49.
If this "defect" claimed by the defendant is deemed circumstantial, dismissal of the instant action would not be required.
 No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court.
CT Page 10555
General Statutes 52-123.
"The statute is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process."
Rogozinski v. American Food Service Equipment Corporation,211 Conn. 431, 434.
 "Circumstantial defects not subject to abatement by reason of 52-123 or its predecessors have included the mistaken use of a Practice Book form; Chestnut Realty, Inc. v. Commission on Human Rights Opportunities, 201 Conn. 350, 357, 514 A.2d 749 (1986); failure to designate an apartment number in a writ; Hartford National Bank Trust Co. v. Tucker, [178 Conn. 472, 477-79, 423 A.2d 141
(1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980)]; an erroneous reference in appeal papers to `next term' instead of `next return day'; New Haven Loan Co. v. Affinito, 122 Conn. 151, 154, 188 A. 75 (1936); a copy of the affidavit attached to the writ served upon the defendant that did not bear the signature of the affiant; Matthai v. Capen, Trustee, 65 Conn. 539, 33 A. 495
(1895); an erroneous reference in the return to `the City Court held at New Haven in and for the city of New Haven' instead of `The City Court of New Haven'; New England Mfg. Co. v. Starin, 60 Conn. 369, 370[-71], 22 A. 953
(1891); an erroneous prayer for relief on the writ and declaration rather than on the writ alone; Draper v. Moriarty, 45 Conn. 476
[, 478] (1878); and a defendant who had signed his name in the body of a plea in abatement signed `defendant' at the end of the plea instead of again signing his name. Wilcox v. Chambers, 34 Conn. 179 [, 180-81] (1867)." Rogozinski v. American Food Service Equipment Corporation, 211 Conn. 431, 434, 559 A.2d 1110
(1989).
First Federal Savings Loan Assn. of Rochester v. Pellechia, CT Page 1055631 Conn. App. 260, 264-65.
Non-circumstantial defects, or substantive defects in process, are those that are subject to abatement. Id., 265. See e.g., Rogozinski v. American Food Service Equipment Corporation, supra (failure to return process within the six day period required by General Statutes 52-46a renders the action subject to abatement).
No case has been found which directly addresses whether the process in the instant action is insufficient for failure to attach the Informational Statement required by the federal injunction. However, in LeConche v. Elligers, 215 Conn. 701, the court held that the failure to attach a good faith certificate in a medical malpractice action does not deprive the court of jurisdiction to hear the case.
This court finds that the failure of the plaintiffs to attach the mandated Informational Statement is not a substantive defect which deprives this court of jurisdiction.
The Connecticut Supreme Court has stated that:
 Principles of comity urge upon state courts the exercise of restraint before they venture into modification and reconstruction of facially valid federal court orders. . . . We therefore hold that, except in the most compelling circumstances, the courts of this state should . . . refuse to grant relief that would entail interfering with the execution of such orders.
Santora v. Miklus, 199 Conn. 179, 189.
Based on Santora v. Miklus, supra, this court does recognize and give effect to the federal court order.
Effect may better be given to the injunction of the United States District Court for the District of Connecticut by notifying said court of the pendency of this state proceeding.
With regard to the claim of insufficiency of process, the defendant essentially argues that noncircumstantial defects in process exist in that (1) the plaintiffs are intentionally and wrongfully causing the court to believe that Martin-Trigona is a CT Page 10557 resident of Florida when he is rightfully a resident of New York; (2) the plaintiffs are wrongfully and intentionally causing the court to believe that they have custody rights to the children when they do not; (3) the plaintiffs are wrongfully and intentionally causing the court to believe that the children reside in Florida when they reside in New York; (4) this action was commenced in violation of a Florida court judgment, and (5) this action was commenced in violation of Practice Book 51 and General Statutes52-185, regarding the filing of a bond.[2]
With regard to the defendant's first four claims, no authority has been cited to support the defendant's argument that any of these "defects" renders the process insufficient.
With regard to the defendant's fifth claim, that the process is defective due to the plaintiffs' failure to comply with General Statutes 52-185 and Practice Book 51, this court finds that there is no showing that there is no bond to prosecute.
There is no merit to the claim.
General Statutes 52-185(a) provides:
 If the plaintiff in any civil action is not an inhabitant of this state, or if it does not appear to the authority signing the process that the plaintiff is able to pay the costs of the action should judgment be rendered against him, the plaintiff shall, before the process is signed, enter into a recognizance to the adverse party with a financially responsible inhabitant of this state as surety, or a financially responsible inhabitant of this state shall enter into a recognizance to the adverse party, that the plaintiff shall prosecute his action to effect and answer all costs for which judgment is rendered against him. The recognizance shall not be discharged by any amendment or alteration of the process between the time of signing and of serving it.
As an initial matter, the summons page filed with the court indicates that the plaintiffs posted a $250,000 cash bond with the clerk. CT Page 10558
According to the defendant, the plaintiffs wrongfully induced the clerk's office to sign the process by representing that they were able to pay the costs of the action, should judgment be rendered against them. The defendant has not provided any authority, and none has been found, which supports her proposition that the instant case should be dismissed for this reason.
Also the defendant argues that this action should be dismissed because it was instituted in violation of a Florida court judgment which awarded sole legal custody of the minor children to their natural mother, Roswitha Helga Stewart. (Exhibit B to defendant's motion to dismiss). According to this order, "[t]he father shall have no contact with the mother and shall not directly nor indirectly harass, annoy, follow, threaten or otherwise contact the mother until further order of this Court." The Florida court further specifically retained jurisdiction over the subject matter and the parties to the order, and requested ether courts to afford the order full faith and credit pursuant to the United States Constitution.
According to the defendant, this action should be dismissed because it was instituted to indirectly harass Roswitha Helga Stewart, in violation of the Florida court order. The defendant has nor provided any authority to support a dismissal of the action on this ground. Although "the full faith and credit clause requires a state court to accord to the judgment of another state the same credit, validity and effect as the state that rendered the judgment would give it;" Packer Plastics, Inc. v. Laundon,214 Conn. 52, 56; enforcement of the Florida court judgment would not require dismissal of the instant action. The order itself adjudicates the rights of Anthony R. Martin and Roswitha Helga Stewart, who is not a party to the present action, with regard to the custody of their children; the order does not adjudicate the rights of the plaintiffs and the defendant herein.
Accordingly, the motion to dismiss is denied: a copy of this memorandum shall be mailed to the Office of the Clerk of the United States District Court for the District of Connecticut.
Ronald J. Fracasse, Judge