15 F.3d 1159
 304 U.S.App.D.C. 428
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Melissa Annette BRANTLEY, a minor by her mother and next
friend Margaret HAYES
v.
The DISTRICT OF COLUMBIA, a municipal corporation, et al., Appellants.
 Nos. 92-7136, 92-7139.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 14, 1993.
 
 Before BUCKLEY, WILLIAMS, and HENDERSON,* Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 These cases were considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of counsel. After full review of the matter, the court is satisfied that appropriate disposition does not warrant an opinion. See D.C.Cir.R. 14(c). On consideration thereof and for the reasons set forth in the attached memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED by the court that the orders of the District Court appealed from herein be affirmed in part and reversed in part, and the cases be remanded to the district court for further proceedings consistent with the attached memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 For the Court:
 Ron Garvin, Clerk
 ATTACHMENT
 MEMORANDUM
 
 4
 The District of Columbia appeals district court orders directing it to pay attorney's fees accrued by Melissa Brantley in an administrative proceeding and imposing a sanction on the District pursuant to Rule 11 of the Federal Rules of Civil Procedure; Ms. Brantley cross-appeals the dismissal of her claim pursuant to Rule 41(b) of those Rules. We affirm the award of attorney's fees, reverse the Rule 11 sanction against the District, reverse the dismissal of Ms. Brantley's claim, and remand for further action in accordance with this memorandum.
 
 I. BACKGROUND
 
 5
 Having prevailed in an administrative proceeding against the District of Columbia under the Individuals with Disabilities Education Act ("Act"), 20 U.S.C. Secs. 1400 et seq., Ms. Brantley sued in district court, pursuant to section 1415(e)(4)(B) of the Act, to recover the attorney's fees and costs she had incurred in the course of the proceeding. The District moved to dismiss based on its claim of 11th Amendment immunity under the Act. Because the District had raised this same defense in motions to dismiss similar claims in cases being heard by Chief Judge Robinson, the district court referred Ms. Brantley's claim to him for the limited purpose of ruling on the District's motion. Chief Judge Robinson rejected the immunity argument and sanctioned the District under Rule 11 for failure to cite relevant controlling precedent. Following this decision, the district court granted Ms. Brantley's request for summary judgment and ordered
 
 
 6
 that defendants shall pay to plaintiff the reasonable fees, costs, and expenses incurred in the administrative action. If the parties cannot agree on an amount, plaintiff shall submit to the Court within 10 days of the issuance of this Order a detailed statement of those amounts....
 
 
 7
 Appendix at 186 ("April 1, 1992, Order").
 
 
 8
 On Thursday, April 9, 1992, Ms. Brantley's attorney and a representative of the District reached a compromise settlement agreement. The agreement provided that the District would pay Ms. Brantley $38,000 in attorney's fees and costs. The next day, however, the District advised Ms. Brantley that it considered the agreement invalid because its representative lacked the authority to commit the District.
 
 
 9
 On Monday, April 13, 1992, Ms. Brantley filed a verified motion to enforce the settlement agreement. The court denied the motion on May 12, 1992, and directed her "to show cause why the claim for attorney fees should not now be dismissed for failure to comply with the Court's Order of April 1, 1992." Ms. Brantley responded that it was her attorney's belief that the Order imposed alternative mutually exclusive obligations; and because he had secured an enforceable agreement with the District on the amount of attorney's fees due, he believed he had to choose either to file a motion seeking its enforcement or, by filing a statement of the fees and costs due, accede in the District's repudiation of the agreement. On May 29, 1992, and without comment, the court issued an order dismissing Ms. Brantley's claim for attorney fees but preserved her right to seek enforcement of the disputed settlement agreement in the District of Columbia Superior Court.
 
 II. DISCUSSION
 
 10
 Our ruling in Barth, et al. v. District of Columbia, Nos. 92-7093, et al., decided today, resolves the two issues presented by the District of Columbia: Barth holds that the Act does not grant the District immunity from the award of attorneys' fees and that the Rule 11 sanctions were improperly imposed. Accordingly, we affirm the district court's April 1, 1992, Order awarding Ms. Brantley her attorney's fees and costs and reverse the Rule 11 sanctions. We now turn to the propriety of the district court's dismissal of her claim.
 
 
 11
 We have cautioned that "dismissal of a case is a drastic remedy that is not appropriately applied in every case in which a litigant fails to comply with an order of the court," Martin-Trigona v. Gellis & Melinger, 830 F.2d 367, 369 (D.C.Cir.1987), and that it "is a sanction of last resort to be applied only after less dire alternatives have been explored without success." Trakas v. Quality Brands, Inc., 759 F.2d 185, 187 (D.C.Cir.1985). We have also expressed concern that in the absence of prejudice to the court or the other party, courts should be reluctant to penalize an innocent client because of the misconduct of her attorney. See Shea v. Donohoe Construction Co., Inc., 795 F.2d 1071 (D.C.Cir.1986). In light of this precedent, we conclude that the district court abused its discretion in dismissing Ms. Brantley's case.
 
 
 12
 Here, there can be no claim that either the court or the District was seriously prejudiced by Ms. Brantley's failure to provide the court with the detailed information requested in its April 1, 1992, Order. Moreover, while Ms. Brantley's attorney could have filed the fee and cost information in the alternative without surrender of her claim under the Agreement, his failure to do so was the result of an honest misunderstanding of what the Order called for rather than of willful disobedience. Under such circumstances, our precedent clearly requires that Ms. Brantley be given the opportunity to correct this mistake before her claim may be dismissed. It is true that the court protected her right to pursue her claim on the settlement agreement in a separate action in Superior Court, which she has in fact filed. Nevertheless, pursuing an alternative remedy is costly in terms of both money and time; and the availability of this alternative, in our view, did not justify the failure of the court to allow Ms. Brantley to make an informed choice of which course she would pursue.
 
 
 13
 Accordingly, we remand this case to the district court with instructions to allow Ms. Brantley the alternative of either complying with the court's order by submitting a detailed schedule of the fees and costs claimed, in which case the award would be made by the court, or of proceeding with her suit for enforcement of the settlement agreement in Superior Court.
 
 
 14
 So ordered.
 
 KAREN LECRAFT HENDERSON, Circuit Judge:
 
 15
 For the reasons set forth in my separate statement in Barth, et al. v. District of Columbia, Nos. 92-7093, et al., decided today, I dissent from the decision to remand on the sanctions issue. In all other respects, I concur.
 
 
 
 *
 A separate statement concurring in part and dissenting in part filed by Circuit Judge HENDERSON is also attached