# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

No. 24-5052          **September Term, 2025**

FILED ON: OCTOBER 29, 2025

CASSANDRA M. MENOKEN,
>>> APPELLANT

v.

ANDREA R. LUCAS, ACTING CHAIR, EQUAL EMPLOYMENT OPPORTUNITY COMMISSIONER,
>>> APPELLEE

On Appeal from the United States
District Court for the District of Columbia

Before: CHILDS and PAN, *Circuit Judges*, and GINSBURG, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** and **ADJUDGED** that the order of the district court issued on January 12, 2024, granting appellee's motion to dismiss with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), be **AFFIRMED**.

\* \* \*

Appellant Cassandra Menoken sued her former employer, the U.S. Equal Employment Opportunity Commission (EEOC), alleging violations of Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. The district court granted the EEOC's motion to dismiss Menoken's claims for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, after Menoken disregarded the court's partial grant of summary judgment narrowing her claims, ignored court orders to produce and identify exhibits, refused to attend three consecutive hearings in the week before trial, and acquiesced in the court's dismissal of her case. On appeal, Menoken argues that the district court erred by dismissing her case with prejudice. We discern no such error and therefore affirm the judgment of the district court.

1

**I.**

On June 9, 2017, Menoken sued the EEOC, alleging a hostile work environment in violation of Title VII and a failure to provide a reasonable accommodation in violation of the Rehabilitation Act. A26. Menoken appeared *pro se* but is a licensed attorney with over 35 years of experience. Menoken Br. 4. She also had the benefit of counsel, Theresa Kraft, who entered an appearance in November 2023 and later served in an advisory capacity.

On February 2, 2023, the district court granted the EEOC's motion for summary judgment on several of Menoken's claims, leaving only two surviving claims. A788–804. The court later set a trial date of January 17, 2024.

Menoken continued to assert claims on which summary judgment had been granted in her pretrial statement and proposed jury instructions, even after the court orally explained to her that only two of her claims had survived summary judgment. A947–52. Two weeks before trial, the EEOC filed objections to Menoken's exhibits, indicating that it could not identify certain exhibits because Menoken had not produced them or had not sufficiently identified them. A1112–22. The court ordered Menoken to produce and identify those exhibits. A19. Menoken filed a response stating that "she has not diverted time and energy to accommodating EEOC's desire [to] have Plaintiff produce her Exhibits without EEOC having to produce its own." A1129. The court again ordered Menoken to produce and identify the documents, giving her a deadline of January 9 at 2:00 p.m. — approximately one week before the trial date — and scheduled a status conference for that same day to ensure that each party had identified the other's exhibits. A20. When EEOC counsel contacted Menoken to request copies of her exhibits in advance of the status conference, Menoken replied, "I am so done with this. Rest assured, though, I'm not done gathering the evidence you and your cohorts have tampered with documents. I won't, however, be providing it to Judge Friedrich." EEOC Br. Ex. A. Menoken also stated in an email to EEOC counsel that she "will take no position on any motion to dismiss [the EEOC] may wish to file." A1138.

By the January 9 deadline, Menoken still had not complied with the court's order to produce and identify her exhibits. Moreover, neither Menoken nor her advisory counsel appeared at the January 9 hearing, requested a continuance, or noted any conflict preventing Menoken from appearing. A1140–41. The district court set another status conference for the next day and ordered Menoken and her advisory counsel to appear. A21. The court stated that this would be Menoken's "last opportunity" to "reengage with this case" before the court considered a Rule 41(b) motion to dismiss. A1144.

On January 10, Menoken again failed to appear and provided no explanation. Kraft attended the hearing but lacked authority to make representations on Menoken's behalf. A1154. The district court asked Kraft to impress upon Menoken the importance of adhering to the court's orders:

> If she wants to go to trial, she needs to comply with the Court's orders, and that includes making her exhibits clear to the opposing side. . . . The Court needs to know so it can rule on the objections to her exhibits. The government needs to know so it's sure that the exhibits are the ones they think

they are. . . . And I need copies of the exhibits in order for me to rule. . . . I'm trying to get the case to trial.

A1158–59. The court also reiterated that it was prepared to entertain a motion to dismiss under Rule 41(b) and that Menoken would have 24 hours to respond. A1159 (stating that "it's not too late, but [Menoken] is going to have to engage today to not have some consequences in terms of exhibits excluded or the ultimate sanction, which is dismissal of this case with prejudice"). The EEOC filed a motion to dismiss later that day. A1162.

On January 11, the district court held a third hearing, which was a long-scheduled, pre-trial conference. Menoken declined the calendar invitation, did not appear, and did not request a continuance. A1181. The district court noted that Menoken's conduct was impeding its ability to manage the case and its docket:

> I'm at a complete loss about what to do. This is now the . . . third hearing at which she's not appeared. And she's repeatedly violated orders and deadlines that have been set on top of not appearing. I have a duty to manage my docket and to alert, for example, the jury office if there's not a need to bring in jurors. And her unwillingness to engage is bringing the entire court system to a halt. I don't mean to be dramatic by saying that, not the entire court system, but my docket is in limbo right now. And I have many other matters that I need to schedule and that I would schedule next week if this case is not going to trial. I'm very interested in doing that. There are a lot of litigants who also want their day in court. And the situation, the time sensitivity is really a problem of her own making that I hope she can appreciate.

A1183. Later that day, Menoken filed a response to the EEOC's Rule 41(b) motion, stating, in relevant part:

> EEOC's motion to dismiss essentially argues that Plaintiff should be sanctioned for the contents of her Pretrial Statement which makes clear her intention to exercise her right to try the claims she brought on the legal "theories" she believes apply. If that is sanctionable conduct because it "frustrates the Government's ability to defend at trial," so be it. *If the Court similarly concludes, then final judgment should be entered for EEOC.*

A1188 (emphasis added) (cleaned up). The district court granted the EEOC's motion to dismiss on January 12, 2024. A1195. Menoken filed a timely appeal.

3

## II.

District courts have inherent power to dismiss a case for a plaintiff's failure to prosecute or otherwise comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962); *see also* Fed. R. Civ. P. 41(b); D.D.C. Local Rule 83.23. This court reviews such dismissals for abuse of discretion. *Gardner v. United States*, 211 F.3d 1305, 1308 (D.C. Cir. 2000).[1] "Because disposition of claims on the merits is favored, . . . the harsh sanction of dismissal for failure to prosecute is ordinarily limited to cases involving egregious conduct by particularly dilatory plaintiffs, after 'less dire alternatives' have been tried without success." *Noble v. U.S. Postal Serv.*, 71 F. App'x. 69, 69 (D.C. Cir. 2003) (quoting *Trakas v. Quality Brands, Inc.*, 759 F.2d 185, 187 (D.C. Cir. 1985)); *see Gardner*, 211 F.3d at 1308–09; *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986); *Camps v. C & P Tel. Co.*, 692 F.2d 120, 123 (D.C. Cir. 1982).

Menoken's status as a pro se litigant does not affect this court's review. Ordinarily, "a *pro se* complaint" must be "'held to less stringent standards than formal pleadings drafted by lawyers.'" *Shanks v. Int'l Union of Bricklayers and Allied Craftworkers*, 134 F.4th 585, 591 (D.C. Cir. 2025) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But "the liberal pleading standard for pro se litigants does not invariably apply when the litigant is a licensed attorney." *Spence v. U.S. Dep't of Veterans Affs.*, 109 F.4th 531, 538 (D.C. Cir. 2024). Here, Menoken has 35 years of legal experience, including as a trial attorney for the EEOC. *See* Menoken Br. 4. Because Menoken "makes no request for a more liberal pleading standard, . . . we do not apply one." *Joyner v. Morrison and Foerster LLP*, 140 F.4th 523, 529 n.1 (D.C. Cir. 2025).

## III.

Menoken argues that the district court abused its discretion in granting the EEOC's motion to dismiss pursuant to Rule 41(b). We disagree.

As an initial matter, it appears that Menoken did not oppose the EEOC's motion to dismiss. Five days before the EEOC filed its motion, Menoken emailed EEOC counsel and stated, "I will take no position on any motion to dismiss you may wish to file." A1138. And in responding to the motion that the EEOC subsequently filed, Menoken did not argue against dismissal. To the contrary, she stated that "final judgment should be entered for EEOC" if the court stood by its earlier summary judgment order narrowing her claims. A1188. Menoken's acquiescence to the dismissal of her case supports the district court's ruling that she failed to prosecute it. *See* Fed. R. Civ. P. 41(b).

The district court nonetheless considered the merits of the EEOC's motion and determined that dismissal with prejudice was appropriate under the circumstances. In the weeks leading up to

---

[1]     Menoken argues in her reply brief that the abuse of discretion standard is inappropriate where "the record actually supports a finding that the ruling is, not only flawed, but ethically 'tainted.'" Reply Br. 5–6. But Menoken cites no authority for that proposition, and she does not substantiate her claim that the court's ruling is "ethically tainted."

trial, Menoken disregarded the district court's summary judgment ruling in pretrial filings, refused to comply with reasonable orders to produce and identify exhibits,[2] and refused to appear at three hearings without explanation or excuse.[3]  A1199.  Moreover, Menoken's misconduct burdened the judicial system by preventing the court from readying the case for trial and impeding the court's ability to schedule other matters.  The district court also reasoned that Menoken's actions prejudiced the EEOC, which had prepared for a trial that Menoken declined to prosecute.

Menoken's express disregard for court orders, and her apparent disinterest in proceeding to trial, are the types of conduct that have justified Rule 41(b) dismissal in other cases.  *See, e.g.*, *Wooten v. Premier Yachts, Inc.*, 2000 WL 1683500, No. 00-7127, at *1 (D.C. Cir. Oct. 18, 2000) (affirming dismissal "based on appellant's failure to appear at the status conference, the inadequacy of her excuse, her refusal to participate in discovery, and the filing of baseless motions even after the district court warned of the consequences"); *Martin-Trigona v. Gellis & Melinger*, 830 F.2d 367, 369 (D.C. Cir. 1987) (affirming dismissal where pro se plaintiff "deliberately elected, and announced her intention, not to comply with the court's orders in any respect," even when warned of the possibility of dismissal); *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (affirming dismissal with prejudice where the plaintiff refused to cooperate with her lawyers resulting in repeated delays to discovery deadlines and trial dates).  The district court thus did not abuse its discretion when it granted the EEOC's Rule 41(b) motion to dismiss with prejudice.

Menoken's argument that dismissal was unwarranted because the district court failed to explore "less dire alternatives" is belied by the record.  Menoken Br. 17 (citing *Trakas*, 759 F.2d at 186–87).  The district court gave Menoken numerous chances to comply and scheduled multiple hearings before sanctioning her.  The court also considered the lesser sanction of excluding trial exhibits.  But Menoken continued to defy the court's orders and acquiesced to dismissal.  *See* A1138 ("There's no need to meet and confer; I will take no position on any motion to dismiss you may wish to file."); EEOC Br. Ex. A ("I am so done with this. Rest assured, though, I'm not done gathering the evidence you and your cohorts have tampered with documents. I won't, however, be providing it to Judge Friedrich. I'm done."); A1188 (telling the court that "final judgment should be entered for EEOC" if the court stands by its earlier summary judgment order).  The district court thus justifiably concluded that lesser sanctions would not "be effective to remedy the

---

[2]      Menoken notes that she was required to produce Bates-numbered exhibits "**within three days**" and that "no corresponding order was directed to [EEOC]," Menoken Br. 16 n.11 (bold in original), implying that the district court's order was unduly burdensome and unfair.  However, Menoken never requested additional time to comply with the order and the EEOC's exhibits were already Bates-numbered, thereby eliminating any uncertainty as to those documents.  *Compare* A1075–77 (the EEOC's Bates-numbered exhibit list), *with* A1095–96 (Menoken's exhibit list without Bates numbering).

[3]      Menoken notes that the January 9 and 10 hearings were scheduled with "less than 24 hours' notice," Menoken Br. 16 n.11, but Menoken did not request a continuance, nor did she appear at the January 11 hearing, which had been scheduled a month prior with Menoken's assent.  A1055.

dilatory conduct." *Bristol Petro. Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990) (citation omitted).[4]

For the foregoing reasons, we affirm the judgment of the district court.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Clifton B. Cislak, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk

---

[4]     Menoken has forfeited any other arguments. In her Notice of Appeal, Menoken stated her intent to also appeal the district court's orders partially granting summary judgment, denying her request for reconsideration, and setting pre-trial proceedings. But in her opening brief, she states only that she "considers all adverse rulings — and prejudicial non-rulings — to be presumptively in question" and urges that the court vacate the district court's orders partially granting summary judgment and denying reconsideration. Because the substantive arguments in her opening brief focus solely on the district court's Rule 41(b) order and fail to identify any other errors in the district court's rulings, she has forfeited her other claims. *See Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005).

Menoken also asserts, for the first time in reply, that she is entitled to relief under 28 U.S.C. § 455(a), which requires a judge to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." Reply Br. 5 (quoting 28 U.S.C. § 455(a)). But Menoken forfeited this argument by failing to raise it below even though the court informed her advisory counsel that "if [Menoken] wants to file a motion for me to recuse, I will entertain that." A1160; *see Keepseagle v. Perdue*, 856 F.3d 1039, 1054 (D.C. Cir. 2017) (argument forfeited where party "knew, or should have known that the claim could be raised" below but failed to do so (cleaned up)); *see also Richardson v. Powell*, 798 F. App'x 662, 664 (D.C. Cir. 2020) (recusal argument forfeited where appellant did not seek recusal in the district court).